IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVERT WASHINGTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-320 (SLR) |
| | ) | |
| AUTOZONERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT AUTOZONE'S MOTION FOR SUMMARY JUDGMENT**

PHILLIPS, GOLDMAN & SPENCE, PA
Joseph J. Farnan, III (Bar No. 3945)
1200 N. Broom St.
Wilmington, DE 19806
TEL: (302) 655-4200
jjf@pgslaw.com

and

Thomas J. Reed (admitted *Pro Hac Vice*)
Widener University School of Law
Delaware Volunteer Legal Services, Inc.
Veterans Assistance Program
4601 Concord Pike
P.O. Box 7474
Wilmington, DE 19803-7474

DATE:   January 20, 2006

# TABLE OF CONTENTS

**PAGE**

TABLE OF CITATIONS ................................................................. ii

INTRODUCTION ........................................................................ 1

STATEMENT OF FACTS ............................................................. 3

ARGUMENT

   I.   DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S CLAIM FOR FAILURE TO PROMOTE ............... 4

   II.   DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S RETALIATION CLAIM ............................... 7

   III.   DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S HOSTILE WORK ENVIRONMENT CLAIM ........... 8

   IV.   DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S CLAIM FOR CONSTRUCTIVE DISCHARGE ........ 10

CONCLUSION ........................................................................ 12

# TABLE OF CITATIONS

**PAGE(S)**

*Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074 (3rd Cir. 1996) . . . . . . . . . . . . . . . 9

*Andrews v. City of Philadelphia*, 895 F.2d 1469 (3rd Cir. 1990) . . . . . . . . . . . . . . . . . 9

*Murrey v. United States*, 73 F.3d 1448 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Revis v. Slocomb Industries, Inc.*, 814 F. Supp. 1209 (D.Del. 1993) . . . . . . . . . . . . . 5-6

*Technitrol, Inc. v. United States*, 440 F.2d 1362 (Ct. Cl. 1971) . . . . . . . . . . . . . . . . . . 4

*United States v. Alker*, 255 F.2d 851 (3rd Cir. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . 8

## OTHER CITATIONS

Fed. R. Evid. 801(d)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Evid. 801(d)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Evid. 801(d)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## INTRODUCTION

Defendant AutoZone, Inc. ("AutoZone" or "Defendant") has moved for summary judgment on all claims in Plaintiff Melvert Washington, Jr.'s ("Washington" or "Plaintiff") Complaint. AutoZone, however, does not specifically address Plaintiff's claim for failure to promote and, therefore, summary judgment cannot be entered in AutoZone's favor on that count. In addition, Defendant has failed to prove that it is entitled to summary judgment on the remaining counts in Plaintiff's Complaint.

While Defendant asserts that Washington has abandoned his claim for discrimination, that simply is not true. Further, Wahington has demonstrated that he was racially discriminated against while employed at Defendant's Smyrna, Delaware store. It is clear from the record that Washington was subjected to a hostile work environment created by the managers and employees of the Smyrna, Delaware store and that Defendant was aware of the actions of its managers and employees.

Defendant has also failed to prove that it is entitled to summary judgment on Washington's claims for retaliation and constructive discharge. Instead, the record clearly demonstrates that Washington was retaliated against by both managers and employees of AutoZone for engaging in protected activity. While Defendant admits that Washington engaged in protected activity, it chose to ignore some of the facts surrounding unsubstantiated complaints filed by employees who worked with Washington. Defendant was aware that Washington had engaged in protected activity and was also aware of its employees' actions and, instead of taking action, let the circumstances persist such that Washington was forced to resign his position.

1

In addition to failing to demonstrate that it is entitled to summary judgment, Defendant has submitted affidavits contradicting or supplementing facts properly in the record. At best, these affidavits demonstrate that there are issues of fact which require that Washington's claims be submitted to a jury.

Therefore, for the reasons stated in this Answering Brief and in Washington's Opening Brief in Support of his Motion for Summary Judgment (D.I. 48), Defendant's Motion for Summary Judgment should be denied.

## STATEMENT OF FACTS

Rather than repeat those facts here, Washington incorporates herein by reference the facts set forth in his Opening Brief. (D.I. 48 at pp. 4-16).

## ARGUMENT

I. **DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S CLAIM FOR FAILURE TO PROMOTE.**

While Defendant argues that the entirety of Washington's Complaint should be dismissed, Defendant failed to address Washington's claim that Defendant committed an adverse employment action by failing to promote Washington when he was more qualified than white employees. Based on Defendant's failure to move the Court to dismiss this count, Defendant's motion for summary judgment as to failure to promote should be denied. In the event the Court finds that Defendant somehow addressed these arguments in its brief, Washington will address the merits of the failure to promote claim as well.[1]

As stated in Plaintiff's Opening Brief in support of his motion for summary judgment, Washington has demonstrated a *prima facie* case of failure to promote and Defendant has not offered any credible evidence supporting a non-discriminatory reason for failing to offer Washington a full-time job and promotion to Parts Sales Manager. (D.I. 48 at pp. 17-20). Despite Washington's numerous requests for a full-time position

---

[1] Defendant seems to suggest that Washington somehow waived his failure to promote claim during his deposition when he was asked whether or not he was making a racial discrimination claim. Washington said he was suing for retaliation alone. (D.I. 44 at 20). This assertion makes no sense and assumes that Washington, a non-lawyer, must understand the legal intricacies of his claim. Further, this assertion is contrary to the law of admissions. A plaintiff's statement in a discovery deposition that is adverse to the legal position he asserts in his complaint may be admissible at trial. Fed. R. Evid. 801(d)(2)(A). It is not, however, a binding judicial admission that prevents the plaintiff from asserting claim based on the facts of the case. Washington has not given up his failure to promote claim and may offer contrary evidence on this adverse employment action. *See, e.g., Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996); *Technitrol, Inc. v. United States*, 440 F.2d 1362, 1370 (Ct. Cl. 1971).

(D.I. 48 at p. 18), other less qualified employees were promoted above Washington. Deanna Brown, a 19 year old high school drop-out was given a Part Sales Manager's position in the winter of 2002. (D.I. 49 at PA 0158-0168). Robert Baker, a 19 year old high school graduate with no sales experience and no prior training in automobile mechanics, was promoted to Parts Sales Manager in 2001 after Washington expressed his desire to become a Part Sales manager. (D.I. 49 at PA 0145-0152). Even worse, Baker was brought back from another store in February, 2002, to take a full-time position in Store #1157. (*Id.*). In addition, Shane Treesh, a high school graduate with no prior experience in retail sales and no prior experience in auto mechanics other than a high school course, was promoted to Parts Service Manager at the Smyrna store. (D.I. 49 at PA 0044-45; PA 0056-57). Treesh testified that Washington trained him in his duties when he was first hired and that Washington was his mentor who taught Treesh the "ropes" of a customer service representative. (D.I. 49 at PA-0057). While Defendant points out that Treesh believed he was more qualified than Washington (D.I. 44 at 20-21), this is a self-serving statement by Treesh that is not entitled to great weight.

Defendant cannot show a non-discriminatory reason for failing to promote Washington to Parts Sales Manager. There are no "good faith" reasons for Defendant's repeated refusal to promote Washington. The Defendant's attempt to show that one of its white former managers considered himself and another white former manager more qualified than Washington for a management position is the worst sort of pretext.

In *Revis v. Slocomb Industries, Inc.*, this Court confronted issues similar to those presented here. 814 F. Supp. 1209 (D.Del. 1993). In *Revis*, the defendant moved for summary judgment on plaintiff's claim for failure to promote. The plaintiff, who was an

5

African American, worked for defendant for 6 years performing a variety of tasks. *Id.* at 1211-12. After the plaintiff had been working for the defendant for some time, defendant discussed a restructuring of the company and plaintiff's supervisor suggested that plaintiff might be qualified for a new managerial position that might be created. *Id.* at 1212. The position was never created but a similar position that had always existed became available and plaintiff expressed an interest in the position. *Id.* Despite expressing an interest, plaintiff did not receive the promotion and her supervisor believes she was denied the position "because she was black." *Id.* At the time the position became available, plaintiff began receiving employee warnings and subsequently filed a discrimination charge with the EEOC. *Id.* at 1213-15. Defendant moved for summary judgment claiming, among other things, that plaintiff had not specifically applied for the position and that defendant was unaware of the discrimination charge at the time it met and denied plaintiff the position. The Court, however, found that there was a "strong inference" that defendant was in fact aware of plaintiff's interest and the charge of discrimination and, therefore, defendant's motion for summary judgment was denied. *Id.* at 1218. The facts presented by Washington are even stronger than those that were present in *Revis*. Here, Washington made numerous requests for promotion to full-time and parts service manager (D.I. 48 at p. 18) and Defendant was clearly aware that Washington had engaged in protected activity. Further, Washington was promised on numerous occasions that he was next in line to receive a full-tine position when one became available. (D.I. 49 at PA 0131; PA 0028). When full-time positions became available, Defendant promoted other white employees ahead of Washington. (D.I. 48 at p. 19).

6

Based on these facts and those set forth in Plaintiff's Opening Brief, Defendant is not entitled to summary judgment on Plaintiff's claim for failure to promote.

## II. DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S RETALIATION CLAIM.

As demonstrated in Plaintiff's Opening Brief (D.I. 48 at p. 20), Washington has demonstrated a *prima facie* claim for retaliation. Defendant has, however, failed to meet its burden of demonstrating a legitimate non-discriminatory reason for the actions taken against Washington.

Washington has submitted clear and convincing evidence that Defendant retaliated against him. While Defendant admits that Washington's April 29, 2000 complaint constitutes protected activity (D.I. 44 at 31), Defendant fails to acknowledge or address the facts giving rise to Washington's retaliation claim. Specifically, Washington has demonstrated that only *one month* after Ralph Findle was fired from AutoZone as a result of the investigation that began with Washington's complaint, the employees at Store #1157 conspired to injure him because he had filed a racial discrimination claim against Findle. (D.I. 49 at PA-088; PA-0101; PA-0093). The employees at store #1157, including the Parts Service Manager and the Assistant Manager (D.I. 49 at PA 0104; PA 0093; PA 0107-08; PA 0036), joined together and filed a complaint against Washington for alleged threats. (D.I. 49 at PA 0213-16). While Defendant mentions this complaint to suggest that it should have disciplined Washington (D.I. 44 at 14), Defendant ignores the additional statements made by managers and employees and fails to recognize that the employees were retaliating against Washington for the complaint he filed against Findle. Further, Defendant fails to recognize that one

7

of the employees admitted that he signed the complaint with the other employees but had not personally experienced any of the problems mentioned in the complaint. (D.I. 49 at PA 0099). Washington denied their allegations to Defendant's Loss Prevention Supervisor because they were false. The participation of the managers in this conspiracy to retaliate against Washington is imputable to Defendant. Fed. R. Evid. 801(d)(2)(D).

Defendant took no action as a result of its investigation. Defendant had a duty to act if Washington was threatening other employees with dismissal. If Washington had been guilty of the alleged threats and foul language, Defendant would have fired him. The fact that Defendant did nothing is an admission that Washington was falsely accused. *United States v. Alker*, 255 F.2d 851, 852-53 (3rd Cir. 1958); Fed. R. Evid. 801(d)(2)(B).

The actions of the employees and managers at AutoZone's Smyrna store created a condition that was so unbearable to Washington that a reasonable person would be forced to resign. Defendant's own employees admitted that the environment at the Smyrna store was uncomfortable when Washington was around. (D.I. 49 at PA 0095). This atmosphere was created solely by Defendant's employees and managers. The fact that Defendant has failed to acknowledge these facts in its retaliation argument further indicates that Defendant's motion for summary judgment on this count should be denied.

### III. DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S HOSTILE WORK ENVIRONMENT CLAIM.

Contrary to Defendant's assertions, Washington has not abandoned his discrimination claim based on a hostile work environment. *See supra* p. 4 at n.1. While Defendant gave a correct statement of the law pertaining to hostile work environment in the 3rd Circuit, Defendant has not shown that it is entitled to summary judgment.

Washington is required to submit evidence showing that Defendant fostered a hostile work environment "by totality of the circumstances, the existence of a hostile or abusive environment which is severe enough to affect the psychological stability of a minority employee" *See, e.g., Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074 (3rd Cir. 1996); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1472 (3rd Cir. 1990). Washington has not tried to prove a hostile work environment from racial graffiti scrawled on the walls of Defendant's men's room, or from racial slurs used by co-workers. Washington has, however, proven that Defendant's management tried to drive him out, and succeeded in driving him out of his job by denying him a promotion, by encouraging a conspiracy behind Washington's back to show he was unfit to be an AutoZoner, and by using the internal corrective action and performance review system to make Washington look unqualified. (D.I. 48 at pp. 24-26). The existence of a hostile work environment at Store #1157 is directly and causally related to Washington's internal racial discrimination complaint. The hostile work environment goes hand in hand with Defendant's systematic retaliation against Washington for making his race discrimination claim.

Washington has presented evidence, discussed in I. and II. above, showing that he had to endure a hostile work environment. There can be no doubt that the hostility was created by and flowed from the actions of Defendant's manager, Findle. It was Findle who called Washington a "little boy" in April, 2000. (D.I. 49 at PA-0073). Findle's assistant manager told the Loss Control Investigator in October, 2000, that Findle had a racial problem. (D.I. 49 at PA-0081). Defendant removed Findle because of this incident. (D.I. 49 at PA-0039). Within a month, Washington's fellow employees conspired to get him fired and failed. (See discussion in (II) *supra*). Defendant offers no explanation for

9

why Findle was fired as a result of the investigation and Washington was not even disciplined after the complaint filed by a number of AutoZone employees and managers. If AutoZone truly believed Washington was as disruptive as they now suggest, Washington could have been disciplined at the time of the investigation. Following that investigation in which Washington was not punished, Washington received corrective actions from Defendant's managers for showing up late, even though he had called in and explained why he was delayed in reporting to work as the Autozoner Handbook required. (D.I. 49 at PA-0127; PA-0128; PA-0191).

Continuing the pattern of discrimination, Defendant's manager gave Washington an undeserved low performance review in April, 2001. Washington protested this review. (D.I. 49 at PA-0121). Defendant denied Washington's formal, written 2002 request to go full-time at any store, just as it had denied his oral, informal requests in 2001. (D.I. 49 at PA-0130). Store #1157 was a very hostile work environment, and all the hostility was directed at the single African-American employed in that store, Melvert Washington.

## IV. DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON WASHINGTON'S CLAIM FOR CONSTRUCTIVE DISCHARGE.

Washington has submitted evidence that he quit Defendant after filing his race discrimination charge against Defendant due to the hostility and retaliation heaped on him by Defendant. Washington never received an honest offer from Defendant of a full-time job with promotion to Parts Sales Manager, as it contends in its brief, (D.I. 44 at 33; D.I. 49 at PA-0137). Instead, Washington had been given Corrective Action reviews for minor infractions or no infractions of Defendant's work rules and mediocre evaluations

by Defendant's managers to drive him away. (*See e.g.*, D.I. 49 at PA-0126 to PA-0129; PA0121; PA-0132). In fact, Washington was given a Corrective Action Review for something he did not do on June 22, 2002, after he had filed his discrimination charge. (D.I. 49 at PA-0134).

In fact, Defendant was aware that Washington continued to work at AutoZone in hopes of receiving a full-time position and a promotion to Parts Services Manager. Washington frequently expressed his interest in a full-time position and in being transferred to another store. (D.I. 48 at pp. 7; 11-12; 18-20). Rather than make any reasonable effort to accommodate Washington's request, Defendant allowed its managers and employees to make false allegations against Washington and Defendant continually failed to live up to its promise of giving Washington a full-time position. (D.I. 48 at pp. 14-15; pp. 26-27). Defendant's half-hearted argument that it offered Washington a full-time position that he rejected should be disregarded. Defendant only offered Washington this position after Washington had endured months of hostile working conditions and Washington had filed a complaint with the Department of Labor. (D.I. 48 at p. 15). Interestingly, Defendant offers no evidence demonstrating how the full-time position it continually denied Washington suddenly opened up days after Washington filed a complaint of discrimination. Defendant's failure to offer Washington the position prior to this time is fatal to its arguments. Defendant's motion must, therefore, be denied.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Washington's Opening Brief in Support of his Motion for Summary Judgment, Washington respectfully requests that this Court deny Defendant's Motion for Summary Judgment and enter judgment in favor of Washington on all counts.

        Respectfully submitted,

        PHILLIPS, GOLDMAN & SPENCE, PA

        */s/ Joseph J. Farnan, III*
        Joseph J. Farnan, III (Bar No. 3945)
        1200 N. Broom St.
        Wilmington, DE 19806
        TEL: (302) 655-4200
        jjf@pgslaw.com

        and

        Thomas J. Reed (admitted *Pro Hac Vice*)
        Widener University School of Law
        Delaware Volunteer Legal Services, Inc.
        Veterans Assistance Program
        4601 Concord Pike
        P.O. Box 7474
        Wilmington, DE 19803-7474

DATE:    January 20, 2006