## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MELVERT WASHINGTON, JR.,    )
    )
    Plaintiff,    )
    )
v.    )    Civil Action No. 04-320 (SLR)
    )
AUTOZONER, INC., a Nevada    )
Corporation    )
    )
    Defendant.    )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF DEFENDANT AUTOZONE'S MOTION *IN LIMINE*

Matthew F. Boyer (Del Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE  19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENÈGRE,
L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone:  (305) 679-5728
Facsimile:  (305) 679-5710
E-mail:  lchess@joneswalker.com

*Counsel for Defendant, AutoZone, Inc.*

DATED: January 23, 2008

## I.    INTRODUCTION

On May 29, 2002, Mr. Washington filed a charge with the Delaware Department of Labor claiming **only** retaliation. Specifically, Mr. Washington alleged that, because he made a complaint against a store manager in April of 2000, AutoZone retaliated by failing to promote him and creating a hostile work environment. (Exhibit E (49)).[1] After receiving a notice of right to sue, Mr. Washington filed this lawsuit. In his Amended Complaint, filed on June 14, 2004, Mr. Washington identified three claims that he asserted in three counts: (1) differential treatment due to being denied "a full time position and promotion" and disciplinary notices issued to him; (2) constructive discharge as a result of "a hostile work environment" and a failure to "promote him to Parts Manager"; and (3) retaliation due to "a hostile work environment" and denial of "requests for full time status and promotion." Amended Complaint, ¶¶ 27-37 (Docket 6). He asserted all three claims pursuant to Title VII.

Both AutoZone and Mr. Washington filed motions for summary judgment. On September 22, 2006, the Court denied Mr. Washington's motion in full and granted AutoZone's motion in part. (Docket 54). Specifically, the Court held that Mr. Washington's failure to promote to a PSM position or full time position was: (1) time-barred with respect to positions obtained by Robert Baker and Shane Treesch; and (2) could not survive summary judgment on the merits with respect to Deanna Brown because Mr. Washington and Ms. Brown were not similarly situated. (Docket 54, at p. 13). The Court further ruled that because Plaintiff did not file his administrative charge until May 29, 2002, **all discrete acts** that occurred before August

---

[1] Citations in the format of "Exhibit [Letter] ([___])" refer to the Affidavit of Timothy M. Holly, Esquire filed concurrently herewith. The letter refers to the exhibit of the affidavit while the reference in "()" refers to specific documents—usually those identified by Mr. Washington as proposed trial exhibits. Thus, for example, "Exhibit E (49)" refers to Exhibit E of the affidavit and the plaintiff's intended trial exhibit # 49.

of 2001 are time-barred. (Docket 54, at, p. 12). In its Order, the Court specifically cited with approval to *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006), and emphasized the Third Circuit's holding that "discrete acts" include such things as "termination, **failure to promote, denial of transfer**, refusal to hire, wrongful suspension, wrongful discipline, denial of training, **wrongful accusation**." (Docket 54, at p. 12). In *O'Connor*, the Third Circuit also held that discrete acts "**cannot be aggregated under a continuation violations theory**" to support a hostile work environment claim. *O'Connor*, 440 F.3d at 127 (emphasis added).

It is significant that Plaintiff's charge only asserted a retaliation claim - - **not** an underlying claim of discrimination or harassment, *i.e.*, any claim related to the conduct that he complained to the company about in 2000.[2] As will be discussed below, Plaintiff should be barred from introducing any testimony or evidence relating to the conduct that gave rise to his complaint to the company in 2000. Additionally, based on the Court's ruling on AutoZone's motion for summary judgment and the holding of *O'Connor*, Plaintiff's constructive discharge and retaliation claims are all that remain for trial, and **any** discrete acts that occurred before August of 2001 may **not** serve as the basis for these two remaining claims because they are time-barred.

Despite this ruling, Plaintiff has listed numerous trial exhibits that pertain to either his failure to promote claim or discrete acts that occurred before August of 2001 or pertaining to claims for which he failed to exhaust his administrative remedies. Such exhibits and testimony related to these issues should be excluded. Additionally, he has listed evidence and testimony pertaining to the Delaware Department of Labor ("DDOL") investigation, including the DDOL Notice of Reasonable Cause Finding. Such testimony and evidence should be excluded pursuant

---

[2] Plaintiff did not assert a constructive discharge claim in his charge, nor could he given that he remained employed with AutoZone for months **after** he filed his charge.

to Rules 401-403 of the Federal Rules of Evidence. Also, Plaintiff has listed as a trial witness an expert, Dr. David Black, whose testimony is now irrelevant based on the Court's summary judgment ruling. Dr. Black's report (Exhibit F (letter of July 11, 2005)) is based on a comparison between Mr. Washington and Mr. Treesh and covers a time period from December of 2000 until February 2003. This Court has already ruled that Plaintiff is **not** permitted to assert any promotion claim with respect to Mr. Treesh's position, either to full-time status or to a PSM position. Thus, this report and Dr. Black's testimony are completely unreliable, irrelevant, and prejudicial. Plaintiff has also listed two fact witnesses whose testimony is not relevant to any issue that remains for trial, James McIver and Franklin Wilson. Finally, Mr. Washington has listed numerous irrelevant exhibits, such as personnel records and earning records of Robert Baker, Deanna Brown, James Zambrano, Shane Treesh, Thomas Shehorn, Pilar Sanchez, and Brandon Diaz, as well Plaintiff's own tax records from 2000 and 2001. This evidence and testimony, along with other exhibits that constitute hearsay, should be excluded under Rules 401, 402, 403, 701, 702, 801, and 802 of the Federal Rules of Evidence.

## II.    LAW AND ARGUMENT

### A.    Evidence and Testimony Submitted to the DDOL or Related to the DDOL Investigation and the Contents of the DDOL Letter and Notice of Reasonable Cause Finding Are Not Admissible.

Plaintiff has listed numerous exhibits pertaining to his own submissions to the DDOL, statements Shane Treesh, Leon Bynum, and James McIver submitted to the DDOL and the DDOL's determination (Exhibit E (48-52, 55-56, 58-59, and 61)). First, Plaintiff's **own** statements to the DDOL and/or EEOC as well the statements of Mr. Treesh and Mr. McIver (Exhibit E (48-49, 52, and 55)) are inadmissible hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801. AutoZone does not dispute that Plaintiff filed a charge with the DDOL. Thus, the only reason Plaintiff could be offering his

statements to the DDOL and those of his witnesses is to prove the allegations they made are true. The statements of Plaintiff and these other individuals are not a party opponent admission when they are offered by **Plaintiff**. *Stolarczyk v. Senator International Freight Forwarding, L.L.C.*, 376 F. Supp. 2d 834, 841 (N.D. Ill. 2005) (declining to apply residual exception to evidence plaintiff submitted to EEOC when offered by plaintiff). While Federal Rule of Evidence 801(d)(2) excludes admissions by a party-opponent (which are offered **against** the party) from the definition of hearsay, **Rule 801(d)(2), does not extend to a party's attempt to introduce his or her own statements**. *See United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996), *cert. denied*, 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 264 (1997). *See also Blackburn v. United Parcel Services*, Inc., 179 F.3d 81, 96 (3d. Cir. 1999) ("Under Rule 801(d)(2)(A), a statement offered **against** a party is not hearsay if it is the party's owns statement.") (emphasis added). The statements are hearsay without any exception.

With respect to the DDOL cause determination (Exhibit E (59)), this, too, is hearsay. AutoZone is aware that Rule 803(8) of the Federal Rules of Evidence allows the introduction into evidence of factual findings and conclusions of an administrative body based upon its investigation. However, according to Rule 803(8), to be admissible under this subsection, a document must contain "factual findings," not mere conclusions. *Ariza v. City of New York*, 139 F.3d 132, 134 (2d Cir. 1998) (holding that reports which do not contain factual findings resulting from a factual investigation are not covered by the 803(8) exception to the hearsay rule). The DDOL Notice of Reasonable Cause Finding, like the document in *Ariza*, merely sets forth its conclusions. Thus, it does not fall within the hearsay exception provided for in Rule 803(8). Additionally, to introduce a document under Federal Rule of Evidence 803(8), the document must not indicate a "lack of trustworthiness." *Coleman v. Home Depot, Inc., 306 F.3d 1333,*

M0023705.1 CBLH 587833

*1341 (3rd Cir. 2002).*  As Rule 803(8) itself explains, the findings are admissible "unless the sources of information or other circumstances indicate lack of trustworthiness."  Fed. R. Evid. 803(8).  The advisory committee's notes provide further guidance:

> Factors which may be of assistance in passing upon the admissibility of evaluative reports include: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held and the level at which conducted; (4) possible motivational problems....  Others no doubt could be added.

Fed. R. Evid. 803(8)(C) advisory committee's note (internal citations omitted).  The Third Circuit has recognized other trustworthiness considerations:

> (1) The finality of the agency findings, *i.e.,* the state of the proceedings at which the findings were made (whether they are subject to subsequent proceedings or *de novo* review), and the likelihood of modification or reversal of the findings.
>
> (2) The extent to which the agency findings are based upon or are the product of proceedings pervaded by receipts of substantial amounts of material which would not be admissible in evidence (*e.g.,* hearsay, confidential communications, ex parte evidence), and the extent to which such material is supplied by persons with an interest in the outcome of the proceeding.
>
> (3) If the findings are products of hearings, the extent to which appropriate safeguards were used (Administrative Procedure Act, Due Process), and the extent to which the investigation complied with all applicable agency regulations and procedures.
>
> (4) The extent to which there is an ascertainable record on which the findings are based.
>
> (5) The extent to which the findings are a function of an executive, administrative, or legislative policy judgment (as opposed to a factual adjudication) or represent an implementation of policy.
>
> (6) The extent to which the findings are based upon findings of another investigative body or tribunal which is itself vulnerable as a result of trustworthiness evaluation.

> (7) Where the public report purports to offer expert opinion, the
> extent to which the facts or data upon which the opinion is based
> are of a type reasonably relied upon by experts in a particular field.

*Coleman*, 306 F.3d at 1342 n.4 (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*,

505 F.Supp. 1125, 1147 (E.D.Pa. 1980)).

These factors weigh heavily **against** finding that the DDOL Letter and Notice of

Reasonable Cause Finding are trustworthy. The DDOL did not conduct a hearing, and AutoZone

did not have any opportunity to counter or cross-examine the materials submitted or the

witnesses reporting to the DDOL. The DDOL may have considered evidence that would not be

admissible in a court of law; there is no way to tell, because the documents do not describe the

DDOL's adjudicatory process. Much of the evidence submitted to the DDOL was supplied by

Plaintiff himself, and AutoZone had no opportunity to cross examine Plaintiff or his witnesses.

Based on such facts, the cause determination should not fall within Fed.R.Evid 803(8). *See*

*Denny v. Hutchinson Sales Company*, 649 F.2d 816, 821 (10th Cir. 1981) (excluding report by

the Colorado Civil Rights Commission because the report was not trustworthy due to the fact the

defendant lacked the ability to cross examine witnesses). The court was particularly concerned

that the Commission's findings were made pursuant to an investigation that lacked any

opportunity for the defendant to cross-examine witnesses. *Id.* at 821.

Second, evidence and testimony related to the DDOL investigation and the contents of

the DDOL Letter and Notice of Reasonable Cause Finding are not relevant to Plaintiff's

remaining claims of retaliation and constructive discharge. Federal Rule of Evidence 401

defines relevant evidence as "evidence having any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence." Rule 402 provides that irrelevant evidence is inadmissible:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402 (2007).

Nearly all of the evidence Plaintiff submitted to the DDOL pertains only to Plaintiff's failure to promote claim, which has been **dismissed**. Indeed, neither the statements nor the cause determination concerns Plaintiff's constructive discharge claim, nor could they because Plaintiff resigned months **after** he filed the charge. Therefore, Plaintiff's statements to the DDOL, the DDOL investigation, and the May 31, 2003 DDOL Letter and Notice of Reasonable Cause Finding do not make any fact of consequence to the determination of Plaintiff's retaliation or constructive discharge claims more probable or less probable than it would be without the evidence.

Third, even assuming, *arguendo*, that the testimony evidence is relevant to the claims that remain for trial, evidence and testimony submitted to the DDOL or related to the DDOL investigation and the contents of the DDOL Letter and Notice of Reasonable Cause Finding should be excluded pursuant to Rule 403 of the Federal Rules of Evidence, which states that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (2007).

Courts routinely utilize Rule 403 to exclude testimony and evidence related to administrative investigations of alleged discrimination, including cause determinations by administrative agencies. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333 (3rd Cir. 2002); *Paolitto v. John Brown E, & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998); *Young v. James Green*

*Management, Inc.*, 327 F.3d 616, 624 (7th Cir. 2003) (upholding exclusion of EEOC Letter of Determination where same evidence was available at trial); *Cambra v. Restaurant School*, 2005 WL 2886220 (E.D.Pa. 2005).

In this case, because the jury is the factfinder, the risk of unfair prejudice to a defendant resulting from the admission of the cause determination is great. "'A jury may not be aware of the limits and vagaries of administrative determinations and thus be unable to give the Letter its proper weight and no more.' 'A strong argument can be made that a jury would attach undue weight to this type of agency determination, viewing it as a finding of discrimination.'" *Cambra*, 2005 WL 2886220, *4 (quoting *Barfield v. Orange County*, 911 F.2d 644, 651 (11th Cir. 1990); *see also Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997).

The jury in the instant action could likewise attach undue weight to evidence and related to the DDOL investigation and the contents of the DDOL Letter and Notice of Reasonable Cause Finding. Permitting Plaintiff to introduce this evidence would usurp the functions of both the jury and the Court. As was the case with the EEOC cause determination in *Cambra*, to the extent that the DDOL Letter and Notice of Reasonable Cause Finding contain the legal conclusions of the agency, "[t]o admit the report … would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence presented." *Cambra*, 2005 WL 2886220 at *5 (quoting *Johnson v. Yellow Freight Systems, Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984)); *see also*, *Spruill v. Winner Ford of Dover, Ltd.*, 175 F.R.D. 194, 198 (D. Del. 1997) (J. Schwartz).

Moreover, aside from the unfair prejudice by the admission of any cause determination, the prejudice is even greater in the instant case because the majority of the evidence pertains to

Plaintiff's failure to promote claim, which was **dismissed**. Should a jury be permitted to hear references to this claim, the jury is likely to give undue weight to the Delaware agency's conclusion and wonder why AutoZone did not put on evidence to refute the failure to promote claim.

In addition to being unfairly prejudicial, the DDOL cause determination should be excluded based on Rule 403 grounds because admission of this document would lead to a trial within a trial and prolong the length of this trial. The United States Supreme Court has noted the broad discretion district courts have to exclude evidence that will unduly consume trial time, especially where "trials within a trial" would occur. *E.g.*, *Crane v. Kentucky,* 476 U.S. 683, 689-90, 106 S.Ct 2142 (1986) (district judges have "wide latitude to exclude evidence that is . . .only marginally relevant or poses an undue risk of . . . prejudice [or] confusion of the issues") (citation and internal quotation omitted). *See also Moorhouse v. Boeing Co.*, 501 F.Supp 390, 392 (E.D.Pa.), *aff'd*, 639 F.2d 774 (3d Cir. 1980), (allowing a trial within a trial "would have had an obvious prejudicial impact on the jury's consideration of [plaintiff's] case" by forcing the defendant to rebut the plaintiff's evidence).

The Third Circuit has recognized that admitting evidence related to an administrative investigation, such as an agency cause determination, creates a mini-trial within the trial regarding the agency's investigation and determination, given that there had been no opportunity for cross-examination before the agency issued the report: "[H]ad the EEOC report been admitted, a great deal of time would have had to have been consumed to counter the report's conclusion." *Coleman*, 306 F.3d at 1346. The resulting undue delay and waste of time substantially outweigh the negligible probative value of the evidence. "The District Court [that excluded the EEOC determination] opined that the EEOC Letter of Determination would be

unfairly prejudicial or confusing, but we find the argument that the evidence would have created the potential risk of undue delay and waste of time to be stronger. Weighing the potential risk of undue delay and waste of time against the low probative value of the EEOC determination, it appears that the District Court acted properly." *Id.*

Here, like in *Coleman*, admitting testimony or evidence of the DDOL investigation, including evidence submitted and the DDOL Letter and Notice of Reasonable Cause Finding, would unduly delay the trial because AutoZone would be compelled to present detailed evidence regarding the DDOL's lack of a thorough investigation. This would unduly delay the trial, waste the Court's and the parties' time, and risk confusing the jury. The evidence should be dismissed under Rule 403.

Finally, to the extent the statements to the DDOL and the cause determination concern Plaintiff's retaliation claim, this evidence should be excluded on the basis that such evidence is cumulative. In *Cambra*, 2005 WL 2886220, at *5, the court granted the employer's motion *in limine* to exclude an EEOC letter[3] which concluded that a violation of Title VII may have occurred. The court noted the EEOC letter lacked probative value given the fact that its contents were cumulative:

> [T]he information in the EEOC Letter repeats many of the facts that both parties will attempt to prove at trial. As the Eighth Circuit stated in the oft-cited case *Johnson v. Yellow Freight Systems*, 734 F.2d 1304 (8th Cir. 1984), "[b]ecause substantial evidence was presented to the jury on all matters summarized in the [EEOC] report, there is little probative value in the EEOC's conclusory statements regarding the same effect.

---

[3] Like the DDOL Letter and Notice of Reasonable Cause Finding, the EEOC letter at issue in *Cambra* recited the facts of the case, including the nature of the plaintiff's employment, the events that preceded her termination, and the termination itself. *Id.* at *1. The EEOC concluded that she had been terminated on the basis of gender. *Id.*

*Id.* at *4 (citing, among others, *Young,* 327 F.3d at 624 (upholding exclusion of EEOC Letter of Determination where same evidence was available at trial); *Paolitto,* 151 F.3d at 65 (upholding exclusion of state agency; and *Spruill*, 175 F.R.D. at 197 (excluding DDOL letter and Notice of Reasonable Cause Finding). Under a similar Rule 403 analysis, the Court should likewise exclude evidence and testimony submitted to the DDOL or related to the DDOL investigation and the contents of the DDOL Letter and Notice of Reasonable Cause Finding.

**B.      Testimony and Evidence Regarding Plaintiff's Dismissed Claims Should Be Excluded.**

As discussed above, pursuant to the Court's ruling on AutoZone's motion for summary judgment, Plaintiff may **not** base any failure to promote claim on positions held by Mr. Baker, Mr. Treesh or Ms. Brown. However, Plaintiff has listed the following exhibits dealing with this very claim that has been dismissed: Exhibit F (63), which also is discussed below with respect to Dr. Black's testimony, and Exhibit H (72, 73, 74, 75, and 78). Because Plaintiff may **not** base any failure to promote or transfer claim on positions obtained by these three individuals, these exhibits are not relevant. Moreover, any testimony by Plaintiff or his witnesses related to any failure to promote claim based on the positions held by these three individuals should be excluded on relevance grounds pursuant to Rules 401-402 of the Federal Rules of Evidence because this claim has been dismissed. *See Steger v. General Electric Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003); *Elmahdi v. Marriot Hotel Services, Inc.*, 339 F.3d 645, 653-54 (8th Cir. 2003) (affirming trial court exclusion of evidence pertaining to wrongful discharge because court had already granted summary judgment on claim); *Alberty-Vélez v. Corporación de Puerto Rico Para la Difusión Pública*, 242 F.3d 418, 423 (1st Cir. 2001) (reversing trial court for allowing evidence of issue previously decided via partial summary judgment); *CardioVention, Inc. v. Medtronic, Inc.*, 483 F.Supp.2d 830, 839 (D. Minn. 2007); *DeSanto v. Rowan University*, 224

12

F.Supp.2d 819, 826 (D.N.J. 2002) (granting employer's motion *in limine* to prohibit plaintiff from introducing evidence during trial of sex, age, and race claim because trial court had already dismissed national origin discrimination claim).

Moreover, the danger of unfair prejudice and confusion of the issues is clear – the jury may question why AutoZone failed to present evidence contradicting this claim. Introducing evidence regarding this claim would constitute a collateral attack on the summary judgment ruling that determined AutoZone was not liable for any failure to promote claim with respect to positions held by Ms. Brown, Mr. Baker, or Mr. Treesh. Thus, the evidence should be excluded under Rule 403. *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 386 (2d Cir. 1989) ("Once a judge issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling by forbearing from introducing any evidence or cross-examining witnesses win regard to those claims."); *Wall v. Lotwick*, 2006 WL 1412881 (M.D. Pa. 2006) (excluding any reference to plaintiff's dismissed claims as irrelevant and potentially prejudicial).

### C. Testimony and Evidence Pertaining to Untimely Allegations and Allegations as to Which Plaintiff Failed to Exhaust His Administrative Remedies Should Be Prohibited.

This Court has **already ruled** that, under the applicable statute of limitation, "any discrete event occurring before **August 2001** is time barred under Title VII." (Docket 54, at p. 12). The Supreme Court recently reaffirmed the necessity of filing a timely action in *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (2007). "A discriminatory act which is not made the basis for a timely charge…is merely an unfortunate event in history which has no present legal consequences." *Ledbetter*, 127 S.Ct. at 2168 (*quoting United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)). As discussed above, the Third Circuit holds that "discrete acts" include failure to promote, failure to transfer and wrongful accusation claims. *O'Connor*,

440 F.3d at 127. Thus, Plaintiff should **not** be permitted to introduce testimony or evidence related to any discrete act (**including disciplinary notices, denials of transfers, or failure to promote to positions**) that allegedly occurred before August of 2001. This is **not** a situation in which Plaintiff has asserted different claims with different statutes of limitation, such that evidence would not be admissible to establish one claim (because the claim is untimely) but would be admissible to establish another claim (that is timely). All of Plaintiff's claims arise under Title VII. Thus, regardless of which claim Plaintiff asserts the evidence pertains to, if the evidence pertains to a discrete act that occurred before August of 2001, Plaintiff should be prohibited from introducing evidence or testimony concerning it.

Moreover, when Plaintiff filed a charge with the DDOL, he only alleged retaliation for complaining about race discrimination in 2000. He did **not** assert any claim related to the underlying discrimination or hostile work environment that he complained about in mid-2000 - - nor could he, given that such a claim would be untimely. There is no dispute that the alleged harasser, Mr. Findle, was discharged by AutoZone in August of 2000 - - nearly two years before Plaintiff filed his charge in May of 2002. Thus, while Plaintiff may claim he was retaliated against for making a complaint of race discrimination, he may NOT assert any underlying race discrimination (*i.e.*, pertaining to the alleged conduct that Plaintiff complained about in 2000 and was resolved in 2000) at trial based on his failure to exhaust administrative remedies. *Lawton v. Sunoco, Inc.*, 2002 WL 1585582, *4-5 (E.D. Pa. Jul. 17, 2002), *accord*, *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).

Plaintiff has listed numerous exhibits pertaining to both: (1) the conduct that he complained about in 2000 dealing with alleged racial harassment (for which he failed to exhaust his administrative remedies); and (2) discrete acts arising before August of 2001. Therefore, for

14

the reasons and authority discussed above, AutoZone seeks to exclude the following:  Exhibit A (6), Exhibit B (8), Exhibit C (11), and Exhibit D (13-36 and 39).  These exhibits pertain to the conduct that Plaintiff complained about in 2000, and the company's investigation of Plaintiff's allegations of discrimination (made by Plaintiff in 2000).  They also pertain to transfer requests Plaintiff made before August of 2001.

Additionally, Plaintiff and his witnesses should be prohibited from testifying about: (1) any discrete act that occurred before August of 2001; and (2) any alleged discrimination or harassment that occurred before August of 2001.   Such evidence and testimony is not relevant to the retaliation and constructive discharge claims that remain.  Moreover, because Plaintiff failed to exhaust his administrative remedies on the underlying discrimination/harassment claim (the one on which he claims he was retaliated against for complaining about), Plaintiff should not be able to introduce evidence or testimony pertaining to these claims.

Alternatively, even if relevant (which is denied), evidence of alleged untimely discriminatory conduct or conduct pertaining to claims not asserted in Plaintiff's DDOL charge would be severely prejudicial under Rule 403 for many of the same reasons that allowing evidence of dismissed claims would be grossly unfair to AutoZone.  The jury could improperly premise liability upon the untimely allegations (or allegations pertaining to claims over which Plaintiff did not exhaust his administrative remedies) or wonder why AutoZone was not refuting them.  Alternatively, AutoZone would be forced to present evidence to refute the untimely allegations, which would cause undue delay and wasted time.  Accordingly, such testimony and evidence should be prohibited under Rules 402 and 403.

### D.    Testimony and Report of Dr. David Black Should Be Prohibited.

On July 13, 2005, Plaintiff submitted the expert report of Dr. Black, an economist, who opined as to Plaintiff's wage loss. (Exhibit F (letter of July 11, 2005)).    Plaintiff has never provided AutoZone with any supplemental expert report.    According to the report, Dr. Black based his entire calculation on a comparison between Plaintiff and Shane Treesh. (Exhibit F (letter of July 11, 2005)).    As discussed above, this Court has already ruled that Plaintiff may **not** base any failure to promote/failure to transfer claim on a position held by Mr. Treesh or any claim related to obtaining full-time employment.    Therefore, not only is the report irrelevant (and thus inadmissible), but Dr. Black's testimony is irrelevant as well because it is based on a claim that has already been dismissed.    Dr. Black's testimony would also be irrelevant because his calculations assume wage loss beginning in December of 2000. Because Plaintiff may not assert a claim related to conduct that allegedly occurred before August of 2001, Plaintiff may not seek damages for such alleged conduct.

In addition to being irrelevant, the testimony and report should be excluded pursuant to Fed.R.Evid. 702.    The proponent of the expert evidence at issue bears the burden of proving its admissibility by a preponderance of the evidence.    *Oddi v. Ford Motor Co.*, 234 F.3d 136, 144 (3d Cir. 2000).    If the proponent is unable to satisfy Rule 702's standards by a preponderance of the evidence, the expert's testimony is inadmissible.    *Id.*

Federal Rule of Evidence 702 requires that:

> If scientific, technical, or other specialized knowledge will **assist** the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education**,** may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) **the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.**

16

Fed. R. Evid. 702 [emphasis added].   The threshold requirements of admissibility are that the expert be "qualified" and that the expert evidence "assist" the trier of fact to understand the evidence or determine a fact in issue.   Rule 702's requirement that such evidence "assist the trier of fact to understand the evidence or to determine a fact in issue" goes primarily to the relevance of the proffered expert's opinion.   *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, at 591 (1993) (explaining further that "'[e]xpert testimony which does not relate to any issue in the case is non-relevant and, ergo, non-helpful'" and that expert testimony must be "'**sufficiently tied to the facts of the case [such] that it will aid the jury in resolving a factual dispute**'"), (emphasis added) *citing* 3 Weinstein and Berger P702[02], pp. 702-718 and *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985); *see also Kumho Tire Co. Ltd. v. Carmichael,* 526 U.S. 137, 149 (1999).   Proffers under Rule 702 must also be considered in light of Rules 403 and 703.   *Daubert*, 509 U.S. at 595.

In *Daubert,* the Supreme Court re-evaluated Rule 702 and its substantive guidelines for determining when expert testimony is reliable, probative, and admissible as scientific evidence.[4] The Supreme Court charged trial judges with the responsibility of acting as "gatekeepers" to screen and regulate the admission of evidence to ensure its reliance, reliability, and helpfulness. Specifically, the Court counseled:

> The subject of an expert's testimony must be 'scientific . . . knowledge.'   The adjective 'scientific' implies a grounding in the methods and procedures of science.   Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation.   The term 'applies to any body of known facts or any body of known ideas inferred from such facts or accepted as truths on good grounds.'. . .   In short, the requirement than an expert's testimony pertain to 'scientific knowledge' establishes a standard of evidentiary reliability.

---

[4] The Supreme Court rejected the general acceptance test previously relied upon as a result of *Frye v. United States*, 293 F. 1012 (D.C.Cir. 1923).

Id., pp. 589-590.  *See also Kumho*, 526 at 141 (1999) ("the Federal Rules of Evidence assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").

The relevance of the proffered expert's opinion depends upon the "fit" between the expert's opinion and the facts of the case.  *Daubert*, 509 U.S. at 591.  As a general matter, if there is simply too great an analytical gap between the data and the opinion offered such that no "fit" exists, courts are obligated to exclude the expert's testimony.  *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).[5]  It is well-settled that statistics without an analytic foundation are "virtually meaningless."  *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 952 (11th Cir. 1991) (relying on *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642 (1989)). Therefore, the inquiry is what constitutes an "analytic foundation" or "fit" for purposes of determining whether an expert's methodology is relevant.

As discussed above, Dr. Black's report (and, thus his testimony) is based on a comparison between Plaintiff's earnings and that of Mr. Treesh - - a full time employee as of 2000 and subsequently, a PSM.  This Court has already ruled that Plaintiff may not assert any claim related to his failure to obtain the positions obtained by Mr. Treesh.  Moreover, the time period for the calculation of wage loss is incorrect because it begins in December of 2000. Obviously, if Plaintiff could not assert any claim before August of 2001, he cannot seek damages for any conduct occurring before this time.  Finally, Dr. Black's report does NOT take into

---

[5] As explained in *Daubert*, "Rule 702 . . . requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'  This condition goes primarily to relevance."  *Id.*, at 591; *see also Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999) ("[u]nder the second prong of *Daubert*, the relevance requirement, the court must ensure that the proposed testimony is relevant to the task at hand, . . . i.e., that it logically advances a material aspect of the proposing party's case") [internal citations omitted].

account any earnings Plaintiff had after July of 2002. It is well-settled that every Plaintiff who claims he was wrongfully terminated (or constructively damaged), must make efforts to mitigate his damages. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982). Dr. Black did not include any earnings by Plaintiff when performing his wage loss calculation. The fact that Dr. Black's report failed to take this fundamental principle into consideration when preparing his report is evidence that his report is not accurate, not complete, and thus, unreliable. *Tyger Const. Co. v. Pensacola Const. Co.*, 29 F.3d 137, 142 (4th Cir. 1994) ("an expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record"), *cert. denied*, 115 S.Ct. 729 (1995).

Under the evidentiary mandates established in *Daubert* and Fed. R. Evid. 702, Plaintiff has failed to establish by a preponderance of the evidence that Dr. Black's statistical analyses are sufficiently relevant to the present action to assist the trier of fact in understanding the evidence of determining a fact in issue. *See Daubert*, 509 U.S. at 591; Fed. R. Evid. 702. Therefore, his report and testimony should be excluded

Even if Dr. Black's opinion could satisfy Rule 702 and *Daubert*, his report and testimony lack the probative value required by Rule 403. Because "the *Daubert* analysis does not operate in a vacuum," it is appropriate to analyze Dr. Black's report (and testimony) in relation to Rule 403 as well. *Allison*, 184 F.3d at 1309. Dr. Black's failure to make a proper comparison and failure to account for Plaintiff's post-AutoZone earnings make his analysis misleading and would suggest to the trier of fact that such factors are irrelevant. Thus, even if Dr. Black's conclusions were admissible, they would more likely confuse the jury with powerful, yet misleading, "expert" testimony that would undoubtedly be difficult for a jury to independently evaluate. *See Daubert*, 509 U.S. at 595.

"[T]rial judges must exercise sound discretion as gatekeepers of expert testimony under Daubert." *Allison,* 184 F.3d at 1321. The evaluation of a witness's credibility and the weight of the evidence should be left to a jury. *Id.* Dr. Black's report has a greater potential to mislead the jury than to enlighten them. *Daubert*, 509 U.S. at 595. Therefore, given the potential persuasiveness and force generally associated with an expert's testimony and given that it is the court's role to keep irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value, this Court should exclude Dr. Black's report and testimony from evidence.

### E.    Testimony of James McIver Should Be Prohibited.

Based on Mr. McIver's statement (Exhibit E (55)), which AutoZone is moving to exclude, Mr. McIver intends to testify that he witnessed one exchange between Mr. Bynum and Plaintiff and offer his opinion that "Mr. Bynum [store manager] was trying to blame the altercation between himself and the customer on Mr. Washington." (Exhibit E (55)). Mr. McIver also says that he "is aware that [Plaintiff] is now and have [sic] in the past encountered difficulty gaining full-time status and promotions with AutoZone." *Id.*

First, Mr. McIver's opinion of what Mr. Bynum was or was not trying to do is inadmissible opinion and conclusion testimony, barred by Fed.R.Evid. 701. Mr. McIver is not employed by AutoZone in any capacity, let alone a manager who makes promotion or employment decisions (Exhibit E (55)). Rather, he is a **customer**. Fed.R.Evid. 701, states that: "If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Under this rule, while a witness may offer his opinion about

matters which he has observed through his own personal experience, like the speed of a passing car, he is **not** permitted to offer his opinions about someone's performance or qualifications if he was not responsible for evaluating such performance and is not permitted to offer his opinions about the motives of other people. *McNulty v. Citadel Broadcasting Co.*, 58 Fed. Appx. 556, 563-64 (3d Cir. 2003) (granting employer a new trial due to district court's improper admission of lay witnesses to testify as what they thought a statement by the defendant's employee meant), *accord, Hester v. BIC Corp.*, 225 F.3d 178, 182, 184 (2d Cir. 2000) (finding inadmissible testimony by four witnesses who were not involved in the decision-making process that employment decision "must have been" based on race). *See also, Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 630-31 (7th Cir. 2006) (upholding the exclusion of testimony by witnesses who offered their mental observations and feeling that they had been discriminated against because Rule 701 "opinion statements . . . most often take the form of a summary of first-hand sensory observations . . . [such as] the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and endless number of items that cannot be described factually in words apart from inferences. . . .") (citation and quotation omitted).    Such opinion testimony would also be prohibited by Fed.R.Evid. 602, which requires that witnesses testify only about matters of which they have personal knowledge. *Visser v. Packer Engineerig Assocaites, 924 F.2d 655, 659 (7th Cir. 1991)* ("'speculation, hunches, intuitions, or rumors" are not admissible to establish a discrimination claim*"); Reynolds v. Land O'Lakes Inc.*, 112 F.3d 358, 364 (8th Cir. 1997) (opinions by non-decisionmakers cannot be used to prove discrimination). Thus, customers cannot offer their opinion regarding any alleged retaliation towards Plaintiff. Moreover, any "knowledge" he may have about Plaintiff's desire to obtain a full time position and/or inability to secure one would be

based on what PLAINTIFF told him, which would be hearsay. Accordingly, Mr. McIver has no admissible testimony to offer, and he should be precluded from testifying.

### F. Testimony of Franklin Wilson Should Be Prohibited.

Based on Exhibit D (21), Mr. Wilson would be testifying as to allegedly overhearing Ralph Findle, Plaintiff's former store manager who was discharged in August of 2000, refer to Plaintiff as a "little boy." As discussed above, Mr. Findle's alleged treatment of Plaintiff is not at issue in this lawsuit because: (1) Plaintiff has not exhausted his administrative remedies on any claim related to Mr. Findle's alleged treatment of him; and (2) Plaintiff may not offer testimony or evidence relating to discrete acts that occurred before August of 2001. Thus, Mr. Wilson has no admissible testimony to offer, and he should be precluded from testifying.

### G. Personnel Records and Earning Records of Robert Baker, Deanna Brown, James Zambrano, Shane Treesh, Thomas Shehorn, Pilar Sanchez, and Brandon Diaz Should Be Prohibited (Exhibit H (72-80, and 85)).

As discussed above, Plaintiff may not base any claim on his failure to obtain positions held by Ms. Brown, Mr. Treesh or Mr. Baker. Thus, the earnings records and personnel documents pertaining to them are irrelevant. Moreover, the documents concerning these other individuals are not relevant to any claim that exists for trial. Instead, they contain information about these individuals' direct deposit slips, earnings history, etc.

### H. Plaintiff's Tax Records from Years 2000-2001 Should Be Prohibited (Exhibit G (68-71)).

Plaintiff was employed with AutoZone until he quit in July of 2002. This Court already ruled that Plaintiff cannot base a claim on any position held by Mr. Treesh in December of 2000, Mr. Baker in August of 2000 or February of 2001, and Ms. Brown as of March 2002. Thus, at earliest, his damages would run from April of 2002, and Plaintiff's 2000 and 2001 tax records are irrelevant.

## III.    CONCLUSION

Plaintiff cannot try to revive dismissed claims or claims for which he failed to exhaust his administrative remedies.  It is clear from his list of trial exhibits that is exactly what Plaintiff is trying to do.  For the foregoing reasons, AutoZone asks the Court to exclude: (1) any testimony or evidence by Plaintiff or others submitted in connection with the  Delaware Department of Labor ("DDOL") investigation, the DDOL investigation itself, and the DDOL Notice of Reasonable Cause Finding; (2) any testimony or evidence pertaining to Plaintiff's failure to promote claim that was dismissed upon AutoZone's Motion for Summary Judgment; (3) any testimony or evidence pertaining to discrete acts that occurred before August of 2001  and to claims over which Plaintiff failed to exhaust his administrative remedies; (4) testimony by Dr. David Black; (5) testimony of James McIver;  (6) testimony of Franklin Wilson; (7) "personnel records" and "earnings records" of Robert Baker, Deanna Brown, James Zambrano, Shane Treesh, Thomas Shehorn, Pilar Sanchez, and Brandon Diaz; and (8) plaintiff's tax records from years 2000 and 2001.

Respectfully Submitted,

Matthew F. Boyer (Del) Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE  19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)          Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER,              JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENÈGRE,         POITEVENT, CARRERE & DENEGRE,

M0023705.1 CBLH 587833

L.L.P.

201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

L.L.P.

601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
E-mail: lchess@joneswalker.com

*Counsel for Defendant, AutoZone, Inc.*

DATED: January 23, 2008