# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MELVERT WASHINGTON, JR.,     )
                                     )
           Plaintiff,          )
                                     )
v.                                )     Civil Action No. 04-320 (SLR)
                                   )
AUTOZONER, INC., a Nevada       )
Corporation                      )
                                   )
          Defendant.      )

## DEFENDANT'S ANSWERING BRIEF TO PLAINTIFF'S MOTION IN *LIMINE* TO PRECLUDE ANY REFERENCE TO PLAINTIFF'S 1983 COURT MARTIAL AND 1984 DISCHARGE

Matthew F. Boyer (Del Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENÈGRE,
L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
E-mail: lchess@joneswalker.com

*Counsel for Defendant, AutoZone, Inc.*

DATED: January 30, 2008

# TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ........................... 1

SUMMARY OF THE ARGUMENT ....................................................................................... 3

FACTS ..................................................................................................................................... 4

ARGUMENT ........................................................................................................................... 5

     I.     Evidence of Washington's conviction and discharge is admissible to
           Impeach credibility ........................................................................................... 5

     II.    Evidence of Washington's conviction and discharge is admissible to
           support AutoZone's defense of the after-acquired evidence doctrine ................. 6

CONCLUSION ........................................................................................................................ 8

## TABLE OF CITATIONS

**Cases**                                                                                                    **Page**

*Coniglio v. City of Berwyn,*
    2001 WL 1160845 (N.D. Ill.) ...................................................................................................6

*Graham v. Casey's General Stores,*
    206 F.R.D. 251, 2002 WL 416949 (S.D. Ind.) .......................................................................7

*Hall v. City of Philadelphia Water Department,*
    1995 WL 481457 (E.D. Pa.) ..................................................................................................6

*Mardell v. Harleysville Life Insurance Co.,*
    65 F.3d 1072 (3d Cir.1995)....................................................................................................7

*McKennon v. Nashville Banner Pub. Co.,*
    513 U.S. 352, 115 S. Ct. 879, U.S. Tenn. (1995) ..................................................................6

*Pinkham v. Maine Central Railroad Company,*
    874 F.2d 875 (1st Cir. 1989)..................................................................................................5

*Stone v. C.R. Bard, Inc.,*
    2003 WL 22902564 (S.D. N.Y)............................................................................................6


**Rules**

Fed.R.Evid. 403 .............................................................................................................................5

Fed.R.Evid. 609 .......................................................................................................................4,5,6

42 U.S.C. § 2000e........................................................................................................................1

## STATEMENT OF THE NATURE AND STATE OF THE PROCEEDINGS

Plaintiff, Melvert Washington, Jr., filed a charge with the Delaware Department of Labor on May 29, 2002, in which he alleged that AutoZone retaliated against him by not promoting him and by creating a hostile work environment. A right to sue letter was issued to Washington on February 26, 2004.

Through his Amended Complaint, Washington asserted three counts against AutoZone. In his first Count, Count I, Washington alleged that AutoZone subjected Washington to differential treatment by failing to promote him and/or giving him a full-time position. In Count II, Washington alleged that he was constructively discharged because of a hostile work environment and AutoZone's refusal to promote him to a Parts Sales Manager. In Count III, Washington alleged that AutoZone retaliated against him by creating a hostile work environment claim and failing to promote him to full-time status because he made a complaint about racial discrimination against his store manager, Ralph Findle. Mr. Washington asserts all claims in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

After the close of discovery, AutoZone moved for summary judgment on December 21, 2005. Mr. Washington cross-moved for summary judgment on January 5, 2006. The Court issued its order on summary judgment on September 22, 2006. The Court denied Washington's Motion for Summary Judgment and granted AutoZone's summary judgment motion with respect to Count I of Washington's complaint alleging differential treatment and failure to promote. It denied summary judgment with respect to Counts II and III of the complaint.

The final pre-trial conference in this matter is scheduled for February 6, 2008, at 4:30 p.m. AutoZone timely filed its own Motion in *Limine* on January 23, 2008. In answer to Washington's Motion in *Limine* to exclude evidence or testimony of Washington's court martial

{M0023859.1}

1

for soliciting marijuana and bad conduct discharge, AutoZone submits that this evidence should be admitted to impeach Washington's credibility at trial should AutoZone be able to present evidence that Washington misrepresented having any convictions and/or the type of discharge he received from the military.   Moreover, should AutoZone present evidence at trial that Washington was not truthful regarding these issues, evidence of Washington's conviction and type of discharge is admissible as evidence to support AutoZone's defense of after-acquired evidence.    AutoZone agrees that if it is unable to present evidence that Washington misrepresented having any convictions and/or the type of his discharge, then AutoZone will NOT use Washington's court martial and discharge unless Washington opens the door to his military service.

## SUMMARY OF THE ARGUMENT

I.    Evidence of Washington's conviction and discharge is admissible to impeach his

credibility.

II.   Evidence of Washington's conviction and discharge is admissible to support

AutoZone's defense of the after-acquired evidence doctrine.

## FACTS

AutoZone incorporates by reference the facts set forth by Washington in his Opening Brief in Support of Motion in *Limine*. AutoZone adds that Washington testified that as part of his hiring process with AutoZone, he interviewed with a district manager, Antonio Fairley[1]. (Excerpts from Mr. Washington's Deposition "Washington Depo." are attached as Exhibit A, p. 59). Washington testified that because Mr. Fairley was also in the military, Washington "explained to him that [he] was in the Air Force, and . . . told him what [he] did as an inventory management specialist in the Air Force." (Washington Depo., p. 59). Washington admits that he did NOT inform Mr. Fairley of his conviction in the military for soliciting marijuana or his discharge for bad conduct, and claims that this was because Mr. Fairley never asked Washington about this. (Washington Depo., pp. 60-61).

While Washington contends that Mr. Fairley never asked him about his discharge or about any convictions during the hiring process, Washington cannot dispute the fact that AutoZone inquired into these topics during the course of this litigation. When asked in discovery whether he had "ever been arrested or convicted of any criminal offense?" Washington responded as follows:

> Plaintiff objects to Interrogatory No. 7 because it asks for irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Interrogatory No. 7 is overly broad in its scope as it sets no date limitations on its request for identification of arrests or convictions. Moreover, an arrest is not relevant to impeach the credibility of a witness. See Rule 609 Fed.R.Evid. Likewise, a conviction more than ten years old is inadmissible to impeach the credibility of a witness unless the sentence actually imposed was confinement that did not end until ten years prior to the anticipated trial date in this matter or a showing is made that the use of the prior conviction is more probative than prejudicial.

Plaintiff's Answer to Interrogatory No. 7, attached as Exhibit B.

---

[1] Misspelled in deposition as "Farley."

## ARGUMENT

**I.    Evidence of Washington's conviction and discharge is admissible to impeach his credibility.**

In his Opening Brief, Washington: (1) analyzes whether his court-martial for soliciting marijuana and bad conduct discharge would be a conviction under Fed.R.Evid. 609; (2) concludes that it would; and (3) argues that this evidence would not be admissible under the parameters of Rule 609.  AutoZone submits that his court-martial and resulting bad conduct discharge are admissible, regardless of whether they would be admissible under Fed.R.Evid. 609. First, if AutoZone can present evidence that Mr. Washington misrepresented having any convictions and/or the nature of his discharge, such evidence is admissible to challenge his credibility at trial. As is common in trials, there will be numerous "swearing contests," and both parties will be asking the jury to believe them and their witnesses. Accordingly, courts have recognized that convictions that may not be admissible pursuant to Rule 609 are **still admissible** at trial. In *Pinkham v. Maine Central Railroad Company*, 874 F.2d 875 (1st Cir. 1989), an employee sued his employer to recover for personal injuries he allegedly obtained on the job. In his appeal, the employee argued that the trial court erred by admitting evidence concerning his past convictions and incarceration for assault because such convictions were **not** admissible pursuant to the balancing test contained in Rule 609. The First Circuit affirmed the trial court's decision to admit evidence concerning the employee's convictions. The court held that even if Rule 609(a)(1) applied, that this evidence concerning the convictions should NOT be excluded pursuant to Rule 403 because it "was introduced **in the context of ascertaining whether [the employee] misrepresented the criminal record on his employment application, hence its relevance to the witness' tendency for veracity.**" *Id.* at 878 (emphasis added). Thus, the First

Circuit concluded that the district court properly allowed the admission of the convictions. *Id.* at 879.

Similarly, in *Hall v. City of Philadelphia Water Department*, 1995 WL 481457, *1 (E.D. Pa. Aug. 11, 1995), an employee sought a new trial on her sexual harassment claim based on her assertion that the trial court erred by admitting her convictions for shoplifting and a weapons violation because they were not admissible under Rule 609. In denying the employee's motion for a new trial, the court stated: "[e]ven assuming plaintiff's convictions were not admissible under Rule 609 of the Federal Rules of Evidence, **they were admissible as proof that she had lied**" to her employer about the reason for her separation from her previous employer. Specifically, the employee had told her employer that she quit her former employer due to an injury when she had really been fired because she did not list her convictions on the employment application. *See also*, *Stone v. C.R. Bard, Inc.*, 2003 WL 22902564, *3-4 (S.D. N.Y Dec. 8, 2003) (permitting plaintiff to use defendant's felony conviction for impeachment at trial); *Coniglio v. City of Berwyn*, 2001 WL 1160845, * 2 (N.D. Ill. Oct. 2, 2001) (denying plaintiff's motion in limine to exclude evidence of his conviction in the trial of his discrimination and retaliation claims).    Thus, the type of discharge Washington received and the court-martial for soliciting drugs is admissible to impeach his credibility.

## II.    Evidence of Washington's conviction and discharge is admissible to support AutoZone's defense of the after-acquired evidence doctrine.

In addition to being admissible to impeach Washington's credibility, if Washington misrepresented the reason for his leaving the military and/or his conviction, such evidence would be essential to AutoZone's affirmative defense of the after-acquired evidence doctrine. The United States Supreme Court articulated the "after-acquired evidence" defense in *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 360, 115 S. Ct. 879, 130 L.E.2d 852 (1995). In

*McKennon*, the Court concluded that where an employer discovers after separation that the employee engaged in wrongdoing, "neither reinstatement nor front pay is an appropriate remedy." Similarly, back pay is not available if an employer can demonstrate that it would have discharged the employee for the reason revealed by the after-acquired evidence. *Mardell v. Harleysville Life Insurance Co.*, 65 F.3d 1072, 1073-74 (3d Cir.1995). Accordingly, courts recognize that evidence of an employee's failure to disclose a conviction on an employment application is relevant with respect to limitations on an employee's attempt to recover back pay and front pay. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 2002 WL 416949, * 4-5 (S.D. Ind. Mar. 18, 2002) (information regarding employee's prior convictions and failure to disclose these to employers were relevant to both impeach employee's credibility and to support employer's after-acquired evidence defense).   If Washington misrepresented his conviction and/or circumstances for leaving the military, AutoZone will present evidence that it would have immediately terminated Washington's employment had it known about his failure to be truthful. Accordingly, AutoZone should be permitted to introduce evidence of the conviction and bad conduct discharge of Washington to meet its burden of proving the after-acquired evidence defense and to limit Plaintiffs' recovery.

## CONCLUSION

Contrary to Washington's assertion that "[t]here is no basis for admission of the Court Martial decision nor the Bad Conduct Discharge on any substantive issue in this case," (Doc. # 60, p. 10), there is not only one basis, but two that warrant admission: (1) evidence regarding the conviction and discharge is relevant to impeach Washington's credibility if AutoZone can demonstrate that he misrepresented these issues during the hiring process; and (2) this evidence is relevant to AutoZone's after acquired evidence defense.  Accordingly, Plaintiff's Motion in *Limine* should be denied.

Respectfully Submitted,

Matthew F. Boyer (Del. Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE  19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENÈGRE,
L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone:  (305) 679-5728
Facsimile:  (305) 679-5710
E-mail:  lchess@joneswalker.com

*Counsel for Defendant, AutoZone, Inc.*

DATED:  January 30, 2008