# EXHIBIT A

```
                                                              1

 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF DELAWARE

 3   MELVERT WASHINGTON, JR.,      )
                                   )
 4                  Plaintiff,     )
                                   )
 5   v.                            )   Civil Action
                                   )   No. 04-320 (SLR)
 6   AUTOZONERS, INC., a Nevada    )
     corporation                   )
 7                                 )
                    Defendant.     )
 8
            Deposition of MELVERT WASHINGTON, JR., taken
 9   pursuant to notice at the law offices of Phillips,
     Goldman & Spence, P.A., 1200 N. Broom Street, Wilmington,
10   Delaware, beginning at 9:07 a.m., on Thursday, May 12,
     2005, before Debra A. Donnelly, Registered Professional
11   Reporter and Notary Public.

12   APPEARANCES:

13      THOMAS J. REED, ESQUIRE
        WIDENER UNIVERSITY SCHOOL OF LAW
14         4601 Concord Pike
           Wilmington, Delaware  19803
15              -- AND --

16      JOSEPH J. FARNAN, III, ESQUIRE
        PHILLIPS, GOLDMAN & SPENCE, P.A.
17         1200 N. Broom Street
           Wilmington, Delaware  19806
18         for Plaintiff

19

20

21

22   - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                      CORBETT & ASSOCIATES
23             REGISTERED PROFESSIONAL REPORTERS
     1400 FRENCH STREET    WILMINGTON, DELAWARE  19801
24                       (302) 571-0510


                      CORBETT & ASSOCIATES
```

1   experience when you came to apply at AutoZone. Is that
2   correct?
3       A.   With the exception of the other stuff I told
4   you, I don't believe so.
5       Q.   Telemarketing and --
6       A.   I don't believe so. Retail meaning retail?
7       Q.   Right. Working in stores, waiting on
8   customers?
9       A.   I don't think so.
10      Q.   You certainly didn't have any automotive
11  retail experience. Is that correct?
12      A.   Before?
13      Q.   AutoZone. I understand you have --
14      A.   No. No.
15      Q.   All right. So you had an interview with
16  Mr. Farley?
17      A.   Antonio Farley.
18      Q.   All right. Tell me what happened when he
19  interviewed you; do you remember?
20      A.   Well, he shared his background with me. He
21  was in the Army, he boxed in the Army. I explained to
22  him that I was in the Air Force, and I told him what I
23  did as an inventory management specialist in the Air
24  Force.

MELVERT WASHINGTON, JR.

60

```
1       Q.   Did you tell him that you had been convicted
2  for distributing marijuana?
3       A.   No, I did not.
4       Q.   Any particular reason why you didn't tell him
   that?
5       A.   He didn't ask me that.
6
7            He told me that he was going to get all
8  my information, take the application and run a credit
9  check and a background check, and he would call me back
10 in 30 to 45 days and let me know whether or not I would
11 be employed.  I said okay.
12      Q.   Do you recall filling out an application for
13 employment with AutoZone?
14      A.   Yes, I do.  I filled it out in the Dover
15 store.
16      Q.   Okay.  Is there any particular reason why on
17 that application you didn't disclose that you had a prior
18 conviction?
19      A.   Without looking at the application, I
20 really -- it's been such a long time since I filled out
21 the application, I can't answer the question.
22      Q.   So you don't know whether or not you disclosed
23 it or not on the application.  Is that correct?
24      A.   If it asked the question, I believe I would
```

CORBETT & ASSOCIATES

MELVERT WASHINGTON, JR.

61

1   have answered the question correctly.
2       Q.  But it's your testimony you do remember that
3   Mr. Farley did not ask you about your criminal
4   convictions.  Is that your testimony?
5       A.  You mean as far as my bad conduct discharge
6   from the military?
7       Q.  Yes.
8       A.  No.
9       Q.  All right.  You were working at Delaware State
10  University full time when you applied to work at
11  AutoZone.  Correct?
12      A.  That's right.
13      Q.  All right.  Did you have a certain shift at
14  Delaware State at that time?
15      A.  I was working at Delaware State College, I
16  believe it was full time.
17      Q.  I understand you were working full time, but
18  I'm asking you what your shift was?  Did you work from
19  9:00 to 5:00?  Did you work from 4:00 to 11:00?  What was
20  your shift?  Do you remember?
21      A.  I think it was 11:00 to 7:00 initially, when I
22  started working at the -- at AutoZone, 11:00 at night to
23  7:00 in the morning.
24      Q.  You said you were impressed with Mr. Miller's

CORBETT & ASSOCIATES

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVERT WASHINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-320 (SLR) |
| ) | Jury Trial Demanded |
| AUTOZONER, INC., a Nevada ) | |
| Corporation ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff, Melvert Washington Jr. ("Plaintiff"), by and through his undersigned attorneys, hereby submits his Answers to Defendant's First Set of Interrogatories.

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections ("General Objections") to these Interrogatories. These General Objections apply to and form a part of the response to each and every Interrogatory and are set forth herein to avoid the duplication and repetition of restating them for each response.

1. Plaintiff objects to each interrogatory to the extent that it seeks to impose an obligation or burden on Plaintiff beyond that required by Federal Rules of Civil Procedure. Plaintiff will respond to each interrogatory to the extent required by the applicable rules.

2. Plaintiff objects to each interrogatory to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery.

either protected by the attorney-client privilege or is subject to the work-product rule. Interrogatory No. 6 is overly broad because it requests privileged communications without a showing of necessity contrary to Rule 26(b)(1) and (3) Fed. R. Civil Procedure. However, without waving his objections or the privilege, see Plaintiff's Answer to Interrogatory No. 4.

### INTERROGATORY NO. 7:

Have you ever been arrested or convicted of any criminal offense? If so, please identify the nature of the arrest or conviction, date and place of arrest or conviction, and Court and Cause Number wherein any conviction or plea was entered.

**ANSWER:** Plaintiff objects to Interrogatory No. 7 because it asks for irrelevant information and is not reasonably calculated to lead to admissible evidence. Interrogatory No. 7 is overly broad in its scope as it sets no date limitations on its request for identification of arrests or convictions. Moreover, an arrest is not relevant to impeach the credibility of a witness. See Rule 609 Fed. R. Evid. Likewise, a conviction more than ten years old is inadmissible to impeach the credibility of a witness unless the sentence actually imposed was confinement that did not end until ten years prior to the anticipated trial date in this matter or a showing is made that the use of the prior conviction is more probative than prejudicial.

### INTERROGATORY NO. 8:

With regard to any claim for mental anguish and emotional distress, please state whether you received any medical or mental health treatment for said mental anguish and distress; and if so, identify the physician, psychologist, psychiatrist or other medical/mental health provider.

**ANSWER:** No.