IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVERT WASHINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.04-320 (SLR) |
| ) | **JURY TRIAL DEMANDED** |
| AUTOZONERS, INC., a Nevada ) | |
| Corporation, ) | |
| ) | |
| Defendant ) | |

## PROPOSED PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 Federal Rules of Civil Procedure:

Plaintiff's Counsel:

Joseph J. Farnan, III, Esq.
Phillips, Goldman & Spence, PA
1200 N. Broom St.
Wilmington, DE 19806
TEL: (302) 655-4200

(Admitted Pro Hac Vice)
Thomas J. Reed, Esq.
Widener University School of Law
Veterans Law Clinic
TEL: (302) 477-2070

Defendant's Counsel:

Timothy M. Holly, Esq.
Connolly, Bove, Lodge & Hutz
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899-2207
TEL: (302) 658-0830

(Admitted pro hac vice)
Tracy E. Kern, Esq.
Laurie M. Chess, Esq.
Jones, Walker, Waechter, Poitevant, Carrére & Dunégre, L.L.P.
201 St. Charles Ave 47th Floor
New Orleans, LA 70170-5100
TEL: (504) 582-8000

601 Brickell Key Drive, Suite 500
Miami, FL 33131
TEL: (305) 679-5700

I. **NATURE OF THE CASE**

Melvert Washington, Jr., the Plaintiff, filed a complaint with the Delaware Department of Labor on May 29, 2002, alleging that his employer, AutoZone, retaliated against him by denying him a full time position and promotions and creating a hostile work environment.

The Department of Labor found probable cause to believe that a violation occurred on May 31, 2003 and forwarded its finding to the Equal Employment Opportunity Commission. Mr. Washington received his Right to Sue letter from the Equal Employment Opportunity Commission on February 26, 2004.

Washington filed a complaint in this Court on May 19, 2004. That complaint was amended on June 14, 2004.

Through his Amended Complaint, Washington's asserted three counts against AutoZone: In his first Count, Count I, Mr. Washington alleged that AutoZone subjected Washington to differential treatment by failing to promote him and/or giving him a full-time position. In Count II, Mr. Washington alleged that he was constructively discharged because of the hostile work environment and AutoZone's refusal to promote him to a Parts Sales Manager. In Count III, Mr. Washington alleged that AutoZone retaliated against him by creating a hostile work environment claim and failing to promote him to a full-time status because he made a complaint about racial discrimination

against his store manager, Ralph Findle. Mr. Washington asserts all claims in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

After the close of discovery, Defendant moved for summary judgment on December 21, 2005. Plaintiff cross-moved for summary judgment on January 5, 2006. The Court issued its order on summary judgment on September 22, 2006. The Court granted denied Plaintiff's Motion for Summary Judgment and granted Defendant's summary judgment motion with respect to Count I of Plaintiff's complaint alleging differential treatment and failure to promote. It denied summary judgment with respect to Counts II and III of the complaint. (Docket). The Court ruled "that any discrete event occurring before August 2001 is time barred under Title VII." (Court's Memorandum Opinion at 12).

## II.    JURISDICTION

A.    Jurisdiction

1.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1334.

2.    Plaintiff's claim for relief arises under 42 U.S.C. § 2000e et seq. ( Title VII, Civil Right Act).

3.    Plaintiff filed this complaint within 90 days of receipt of Notice of Right to Sue issued by the Equal Employment Opportunities Commission on or about February 26, 2004.

B.    Venue

The adverse employment decisions alleged in the Plaintiff's complaint were committed in the District of Delaware. Plaintiff resides in this District, and Defendant is authorized to do business in this District. Therefore, venue in this District is proper pursuant to Title 28 U.S.C. §1391(c).

### III.  UNCONTROVERTED FACTS

The following facts are either undisputed or agreed to by the parties by stipulation:

1. Plaintiff, Melvert Washington, Jr., is a citizen of the United States and of the State of Delaware, and was employed by AutoZone at its store # 1157, located in Smyrna, Delaware.

2. Defendant, AutoZone, is a discount auto parts retailer with stores across the State of Delaware, and the United States, and the owner of the store at which Mr. Washington worked.

3. AutoZone hired Washington as a part time sales associate on August 30, 1999 at its store in Symrna, Delaware.

### IV.  A STATEMENT OF THE ISSUES OF FACT WHICH ANY PARTY CONTENDS REMAIN TO BE LITIGATED

**By Plaintiff:**

A. Whether Plaintiff was subjected to a hostile work environment from February 2000 until July of 2002.

B. Whether Plaintiff was subjected to any retaliation from February 2000 until July of 2002.

C. Whether Plaintiff was constructively discharged in July of 2002.

D. What damages did Plaintiff suffer from February 2000 to July, 2002.

**By Defendant:**

A. Whether Plaintiff was subjected to any adverse employment action from August 2001 until July of 2002.

B. Whether Plaintiff was subjected to any adverse employment action from August 2001 until July of 2002 due to his complaint in 2000 about his former store manager's conduct.

C. Whether Plaintiff was constructively discharged in July of 2002 or chose to resign voluntarily.

D. Whether Plaintiff was constructively discharged in July of 2002 due to his complaint about Mr. Findle in 2000.

**V. A statement of the issues of law which any party contends remain to be litigated, and a citation of authorities relied upon by each party**

**By Plaintiff**

A. Has Washington Established a Prima Facie Case of Hostile Work Environment?
   Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

B. Has Washington Established a Prima Facie Case of Constructive Discharge?
   Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

C. Has Washington Established a Prima Facie Case of Retaliation?
   Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

    D.    Has Defendant Failed to Articulate a Non-Discriminatory Reason to Justify a Hostile Work Environment, Constructive Discharge or to Justify Retaliation? <u>Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*</u>

**By Defendant**

    A.    Whether Plaintiff can establish a *prima facie* case of retaliation by proving he engaged in protected conduct, was subjected to an adverse employment action, and that the adverse employment action was causally connected to his protected conduct. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997).

    B.    If Plaintiff can establish his *prima facie* retaliation claim, whether he can establish that AutoZone's articulated, legitimate, nondiscriminatory reasons for its actions were a pretext for intentional retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 1827, 36 L.Ed.2d 668; *Fuentes v. Periske*, 32 F.3d 759 (3d Cir. 1994).

    C.    Whether Plaintiff can establish that AutoZone intentionally or knowingly permitted Plaintiff to be subjected to intolerable working conditions that would compel a reasonable person to resign. *Goss v. Exxon Office Sys. Co.*, 747 F.2d 885, 888 (3d Cir. 1984); *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 169 (3d Cir. 2001); *Weston v. Commonwealth of Pennsylvania*, 251 F.3d 420 (3d Cir. 2001).

D.  Whether Plaintiff has exhausted his administrative remedies on a racially hostile work environment claim as a separate cause of action.

VI. **A LIST OF PREMARKED EXHIBITS WHICH EACH PARTY INTENDS TO OFFER AT TRIAL, ALONG WITH CITATIONS TO THE FEDERAL RULES OF EVIDENCE TO NOTE ANY OBJECTIONS THERETO LODGED BY ANY OTHER PARTY**

By Plaintiff

(Please refer to Attachment A Pretrial Exhibit Stipulation)

Plaintiff reserves to right to use any exhibit listed by Defendant. Plaintiff also reserves the right to use additional documents for purposes of rebuttal or impeachment.

By Defendant

(Please refer to Attachment B Pretrial Exhibit Stipulation)

Defendant reserves to right to use any exhibit listed by Plaintiff. Defendant also reserves the right to use additional documents for purposes of rebuttal or impeachment.

VII. **WITNESSES**

A.  PLAINTIFF'S WITNESSES

1.  Expert Witness

No.    Name              Address

| | | |
|---|---|---|
| A | Dr. David Black | University of Delaware |
| | | Associate Professor of Economics |
| | | 415 Purnell Hall |
| | | Newark, DE 19716 |

2. Non-Expert Witnesses

| No. | NAME | ADDRESS |
|---|---|---|
| A | Melvert Washington, Jr. (Plaintiff) | P.O. Box 1044 Dover, DE 19903 |
| B | James McIver | 11 Holden Ct. Clayton, DE 19938 |
| C | Shane Treesh[1] | |
| D. | Leon Bynum | 1483 John Clark Rd Dover, DE 19904 |
| E. | Franklin Wilson | 588 Clifton Dr Bear, DE 19701 |

Plaintiff reserves the right to call any witness identified by the Defendant in this Order. Plaintiff also reserves the right to call additional witnesses for purposes of rebuttal and/or impeachment.

---

[1] Appearing live or by video deposition. If appearing by video deposition, the parties have attached their respective designations as Attachment C.

B.  Defendant's Witnesses (all witnesses listed below are expected to testify in person if called to testify)

1.  Ron Wertz

2.  Billy Britt

3.  Azeem Sikander

4.  Leon Bynum

5.  Antonio Fairley

Defendant reserves the right to call any witness identified by Plaintiff and additional witnesses for purposes of rebuttal and/or impeachment.

VIII. **A BRIEF STATEMENT OF WHAT PLAINTIFF INTENDS TO PROVE IN SUPPORT OF PLAINTIFF'S CLAIMS, INCLUDING THE DETAILS OF THE DAMAGES CLAIMED OR OF OTHER RELIEF SOUGHT**

Washington seeks damages for economic loss caused by a constructive discharge allegedly due to hostile work environment and retaliation by Defendant that prevented him from becoming a full-time employee and parts service manager. In addition, Washington also seeks damages for mental and emotional distress allegedly caused by the hostile work environment and retaliation by Defendant.

Washington also seeks a reasonable attorney's fee to compensate him for retaining legal

assistance to present his claim to the Court.

    IX.    **BRIEF STATEMENT OF WHAT THE DEFENDANT INTENDS TO PROVE AS DEFENSES**

Defendant may prove that Plaintiff failed to mitigate his damages and/or his damages should be decreased in light of the after-acquired evidence doctrine.

    X.    **STATEMENTS BY COUNTERCLAIMANTS OR CROSSCLAIMANTS COMPARABLE TO THAT REQUIRED OF PLAINTIFF**

None

    XI.    **ANY AMENDMENTS OF THE PLEADINGS DESIRED BY ANY PARTY WITH A STATEMENT WHETHER IT IS UNOPPOSED OR OBJECTED TO AND, IF OBJECTED TO, THE GROUNDS THEREFORE**

None.

    XII.    **CERTIFICATION OF SETTLEMENT DISCUSSIONS**

The Parties have engaged in good faith efforts to explore the resolution of the controversy by settlement.

    XIII.    **OTHER MATTERS**

    A.    Length of Trial: 4 day jury trial.
    B.    Number of Jurors. There shall be 8 jurors.
    C.    Jury Voir Dire. The parties will submit proposed voir dire not later than February 1, 2008.
    D.    Expert Testimony of Dr. David Black

This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: February ____, 2008

_____
The Honorable Sue L. Robinson
United States District Judge

Approved as to Form and Substance

/s/ Joseph J Farnan, III
Joseph J. Farnan, III, Esq.
Phillips, Goldman & Spence, PA
1200 N. Broom St.
Wilmington, DE 19806

/s/ Timothy M. Holly
Timothy M. Holly, Esq.
Connolly, Bove, Lodge & Hutz
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899-2207