IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVERT WASHINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-320 (SLR) |
| ) | |
| AUTOZONER, INC., a Nevada ) | |
| Corporation ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S PROPOSED VERDICT FORM

**NOW INTO COURT**, through undersigned counsel, comes Defendant, AutoZone, Inc., and submits the attached proposed verdict form.

Respectfully Submitted,

_____
Matthew F. Boyer (Del. Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building, 1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENÈGRE,
L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
E-mail: lchess@joneswalker.com

DATED: February 1, 2008

*Counsel for Defendant, AutoZone, Inc.*

{M0023895.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVERT WASHINGTON, JR., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>AUTOZONER, INC., a Nevada )<br>Corporation )<br>)<br>      Defendant. ) | Civil Action No. 04-320 (SLR) |

## **DEFENDANT'S VERDICT FORM**

      We, the jury, being duly impaneled in the above-entitled action, unanimously find as follows:

**Retaliation**

    1.    Did Mr. Washington prove by a preponderance of the evidence that he complained of racial discrimination and that his complaint of racial discrimination in 2000 resulted in AutoZone intentionally retaliating against him by not promoting him to a full time position or a full time part sales manager's position in 2002 and/or by subjecting him to a hostile work environment?

_____                              _____
    No                                                                               Yes

**Constructive Discharge**

    2.    Did Mr. Washington prove by a preponderance of the evidence that AutoZone intentionally made his working conditions so difficult or unpleasant that a reasonable person in his condition would have been compelled to resign in July of 2002?

_____                              _____
    No                                                                               Yes

**Back Pay**

    3.      If you answered "yes" to Question No. 2, what amount of back pay, if any do you award, taking into consideration whether Mr. Washington mitigated his damages as explained to you in Jury Instruction No. 14?

$ _____

PLEASE SIGN THE FORM AND RETURN TO THE COURT ROOM.

_____
JURY FOREPERSON