IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MELVERT WASHINGTON, JR.,

Plaintiff,

v.

AUTOZONER, INC., a Nevada Corporation

Defendant.

Civil Action No. 04-320 (SLR)

**DEFENDANT AUTOZONE'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AUTOZONE'S MOTION *IN LIMINE* AS TO PLAINTIFF'S ECONOMIC EXPERT**

1. On January 23, 2008, Defendant, AutoZone timely filed a Motion *in Limine*, seeking to exclude, among other evidence and testimony from, Plaintiff's proposed expert, Dr. David Black.

2. Since the only report ever provided to AutoZone by Plaintiff was Dr. Black's report in July of 2005, AutoZone presented **three** grounds for excluding Dr. Black: (1) his testimony was not relevant any longer because his entire 2005 report was based on a comparison between Plaintiff and Shane Treesh, and this Court already ruled that Plaintiff could **not** base any failure to obtain a full time position or management position on the positions held by Mr. Treesh; therefore, his testimony based on this report and his report should be excluded pursuant to Fed.R.Evid. 401; (2) his testimony would be confusing to the jury and unfairly prejudicial because it would lead to AutoZone having to defend itself against a promotion claim that this Court has already dismissed (the failure to promote claims with respect to positions obtained by Mr. Treesh); therefore, he should be

prohibited from testifying or offering his report pursuant to Fed.R.Evid. 403; and (3) his testimony could not satisfy the requirements of *Daubert* because it and his report were based on a comparison to one employee that is no longer at issue in this trial and because the report did not take into account Plaintiff's post-AutoZone earnings; therefore, his testimony should be excluded pursuant to Fed.R.Evid. 702.

3. Responses to Motions *in Limine* were due by January 30, 2008.

4. On January 30, 2008, Plaintiff both filed an "Opening Brief in Opposition to Defendant's Motion *in Limine*" (which is really Plaintiff's opposition to AutoZone's Motion *in Limine* and will be referred to as "Plaintiff's Opposition") and the instant "Motion to Strike Defendant AutoZone's Motion *in Limine* as to Plaintiff's Economic Expert."

5. In Plaintiff's Motion to Strike, the sole basis for his motion is that the Scheduling Order issued in January 3, 2005 stated that *Daubert* motions must be brought by August 22, 2005, and his argument that AutoZone's Motion in Limine is untimely. (Motion to Strike, ¶ 7).

6. Neither in his Motion to Strike nor Plaintiff's Opposition did Plaintiff address the **other two grounds** AutoZone gave for excluding Dr. Black's testimony.[1]

7. Not only did Plaintiff fail to address the 401-403 grounds for excluding Dr. Black's testimony, but, in effect, Plaintiff **admits** that Dr. Black's report and testimony are **not** relevant.

[1] Rather, Plaintiff asks the Court to allow it time to respond to this issue at some other point. (Motion to Strike, ¶ 8). Given that Plaintiff chose to address only the Rule 702 argument and not the other two grounds on which AutoZone moved to exclude the testimony and report of Dr. Black, AutoZone objects to Plaintiff receiving more time in which to respond.

8. Plaintiff admits that Dr. Black's testimony and report is based on calculations of earnings of one full-time employee in the Smyrna store, Shane Treesh, and because this comparison is no longer relevant, Dr. Black "needs information from Defendant's [other] comparable employees [alleged to be Pilar Sanchez, Thomas Shehorn, James Zambrano, and David Sobotkin] in order to make an economic loss forecast that would be **useful** to the jury in appraising the damage. . . . **.Otherwise, Dr. Black would have no information on the earnings of a full time sales associate or part sales manager and his conclusions would be flawed**" (Opposition, pp. 10, 26) (emphasis added).

9. Plaintiff also seems to recognize that Dr. Black's report is **not** relevant because Dr. Black failed to take into account Plaintiff's duty to mitigate his damages and his report would **have** to include this information to make the report meaningful. (Opposition, pp. 6-7. 11).

10. It appears that although Plaintiff has **not** requested a second extension of the expert report deadline, Plaintiff is intending for Dr. Black to **completely redo** his report in light of the Court's summary judgment ruling (because Dr. Black's report and testimony based on his report is now irrelevant). (Opposition, pp. 6-7, 10-11, 26-27).

11. Given that Plaintiff has never claimed he should have received any full time or management position held by Mr. Sobotkin, Mr. Zabrano, Mr. Shehorn, or Ms.

Sanchez, it also appears that Plaintiff is attempting to raise **new** promotion claims.[2]

12. Moreover, it appears that Plaintiff wants Dr. Black to redo his report so that Plaintiff can assert another completely **new** claim - - that he was paid less than other full-time employees. (Opposition, p. 27).[3]

13. In light of the fact that Plaintiff is representing that he wants Dr. Black to draft a **completely new report** (and Plaintiff does not assert when or whether AutoZone will receive this before trial), Plaintiff unreasonably asks that the Court find AutoZone's Motion *in Limine* to exclude Dr. Black is untimely.

14. In any event, because Plaintiff's Motion to Strike is only based on the alleged untimeliness of a *Daubert* challenge, and Plaintiff seems to agree that Dr. Black's testimony would be irrelevant (given the only report that has been submitted to AutoZone to date), Plaintiff's Motion should be denied.

15. Finally, AutoZone strongly objects to permitting Dr. Black to redo his report 18 days before trial. If the Court is inclined to allow Dr. Black to do this, then AutoZone would ask that the trial be continued, discovery be re-opened, AutoZone be given the chance to depose Dr. Black after receiving his new report and the opportunity to retain its own expert.[4]

---

[2] AutoZone will address this issue more thoroughly in its Reply Memorandum in Support of its Motion *in Limine*.

[3] AutoZone will also address this issue more fully in its Reply Memorandum in Support of its Motion *in Limine*.

[4] AutoZone is NOT in favor of delaying this trial. Rather, given that Plaintiff concedes Dr. Black's report is not relevant given the Court's summary judgment ruling, Dr. Black should not be permitted to testify and his report should be excluded. Moreover, Dr. Black should not be permitted to redo his report based on the individuals Plaintiff now claims to be comparators.

Respectfully Submitted,

[signature]
Matthew F. Boyer (Del Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENÈGRE, L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, L.L.P.
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
E-mail: lchess@joneswalker.com

*Counsel for Defendant, AutoZone, Inc.*

DATED: February 1, 2008

---

Significantly, despite the fact that Plaintiff knows or should know this, Plaintiff failed to advise the Court that **all** of these new comparators received their positions well before August of 2001. Mr. Sobotkin was hired on **August 9, 2000** (produced to Plaintiff as D358) and received a full time position at least as of June 2001 (produced to Plaintiff as D388-389), Mr. Zambrano was hired as a full time employee on February 18, 2000 (produced to Plaintiff as Bates 824)and became a PSM on May 7, 2000 (produced to Plaintiff as D825), Mr. Shehorn was hired as a full time employee on May 11, 1998 (produced to Plaintiff as D 549) and became a PSM on November 21, 1999 (produced to Plaintiff as D544), and Ms. Sanchez was hired on August 28, 2000 (produced to Plaintiff as D359) and was promoted to a full time PSM position in November of 2000 (produced to Plaintiff as D416-17). These dates are significant because the Court has already ruled that Plaintiff may **not** base any promotion claim on events occurring before August of 2001 (which is why any comparison between Mr. Treesh, Ms. Brown, and Mr. Baker is irrelevant). Thus, any new report Dr. Black did based on the earnings of these other individuals would be as irrelevant as his current report based on a comparison with Mr. Treesh.