IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVERT WASHINGTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-320 (SLR) |
| ) | |
| AUTOZONER, INC., a Nevada ) | |
| Corporation ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT AUTOZONE'S PROPOSED JURY INSTRUCTIONS</u>[1]**

Matthew F. Boyer (Del Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
E-mail: lchess@joneswalker.com

*Counsel for Defendant, AutoZone, Inc.*

DATED: February 1, 2008

---

[1] Plaintiff is submitting the agreed upon Joint Proposed Instructions, and AutoZone submits these additional instructions.

{M0023637.1}

## **TABLE OF CONTENTS**

Instruction # and Title                                                                 Page #

1.   Burden of Proof (Generally)..............................................................1

2.   Plaintiff and Defendant Equal...........................................................2

3.   What is Prohibited............................................................................ 3

4.   Plaintiff's Burden of Proof – Retaliation......................................4, 5

5.   Constructive Discharge................................................................... 6

6.   The Jury Cannot Substitute Its Judgment for That of Management........... 7

7.   Conclusions or Speculation Are Not Enough................................. 8

8.   Liability Versus Damages............................................................... 9

9.   Effect of Instructions as to Damages............................................ 10

10.  Damages (Generally).....................................................................11

11.  Back Pay........................................................................................12

12.  Mitigation of Damages.................................................................13

## JURY INSTRUCTIONS NO. 1

### Burden of Proof (Generally)

Melvert Washington, Jr. claims he was retaliated against and constructively discharged by AutoZone in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Mr. Washington has the burden of proving these claims by a preponderance of the evidence.

A preponderance of the evidence means that if you were to put the evidence favorable to Mr. Washington and the evidence favorable to AutoZone on opposite sides of the scales, Mr. Washington would have to make the scales tip somewhat on his side. If he fails to meet this burden, the verdict must be for AutoZone. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

AutoZone denies that Mr. Washington was retaliated against or constructively discharged. AutoZone has no burden to disprove these claims of Mr. Washington because, as I already stated, it is Mr. Washington who has the burden to prove his claims.[2]

---

[2] *Third DCA Model Jury Instructions*, 1.2, 1.10 (2008).

## **JURY INSTRUCTION NO. 2**

## **Plaintiff and Defendant Equal**

In this case AutoZone is a corporation, so I must impress upon you that this fact does not, and cannot, have any bearing whatsoever in your decision in this case. All Defendants and all Plaintiffs stand equal before the law, whether they be people or organizations. It is your sworn duty to decide this case on its merits and to have due regard that this case is between parties of equal standing before the law, who are entitled to be treated as equals in a court of justice. In other words, the fact that Mr. Washington is an individual and AutoZone is a corporation has no bearing, one way or the other, on the merits of this case. You must decide this case on its merits, and solely on its merits, without regard for the identity of the parties.[3]

---

[3] Devitt, Blackmar, and Wolff, *Federal Jury Practice and Instructions*, 5th Ed. § 71.04.

# JURY INSTRUCTION NO. 3

## What is Prohibited

Mr. Washington has sued AutoZone under a federal civil rights statute that prohibits employers from retaliating against an employee who opposes a discriminatory practice or participates in a discrimination investigation, proceeding, or hearing. AutoZone denies that Mr. Washington was retaliated against.[4]

---

[4] *Third DCA Model Jury Instructions*, 5.0 (2008).

## **JURY INSTRUCTION NO. 4**

### **Plaintiff's Burden of Proof - Retaliation**

Mr. Washington claims that AutoZone retaliated against him because he complained about the conduct of his store manager in mid-2000. To prevail on this claim, Mr. Washington must prove all of the following by a preponderance of the evidence:

First: Mr. Washington complained of racial discrimination.

Second: Mr. Washington was subjected to an adverse action at the time, or after, the protected conduct took place.

Third: The action taken by AutoZone would be materially adverse to a reasonable person in Mr. Washington's position.

Fourth: There was a casual connection between the materially adverse action and his complaint of discrimination.

Concerning the first element, Mr. Washington need not prove the merits of his complaint of discrimination, but only that he was acting under a good faith belief that his right to be free from discrimination was violated.

Concerning the third element, an employee is protected from retaliation that produces an injury or harm. Thus, not everything that makes an employee unhappy qualifies as a "materially adverse" action. Rather, the term "materially adverse" means that the action allegedly taken by AutoZone was serious enough that it would have discouraged a reasonable worker from making or supporting a charge. If an employee repeatedly uses available means to supplement, expand, and pursue allegations of discrimination, he cannot prove that he suffered an adverse employment action.

Ultimately, you must decide whether Mr. Washington's complaint of discrimination in 2000 had a determinative effect on his resignation in July of 2002 or his work environment. "Determinative effect" means that Mr. Washington must prove that if not for his complaint, he would have received a full-time position and/or a Part Sales Manager position in 2002 and/or would have not been subjected to a hostile work environment or been subjected to intolerable working conditions that would compel a reasonable person to resign.[5]

---

[5] *Third DCA Model Jury Instructions*, 5.1.7 (2008); *Morrison v. Carpenter Technology Corp.*, 193 Fed.Appx. 148, 154 (3d Cir. 2006); *Burlington N. & Santa Fe Ry. Co v. White*, 126 S.Ct. 2405, 2409, 2414-15, 165 L.Ed.2d 345 (2006); *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996); *Sykes v. Pennsylvania State Police*, 2007 WL 141064, *7 (E.D. Pa. Jan. 17, 2007).

# JURY INSTRUCTION NO. 5

## Constructive Discharge

Mr. Washington claims that he did not resign voluntarily in July of 2002, but was rather forced to resign due to AutoZone's response to his complaint of discrimination in 2000. Such a forced resignation, if proven, is called a "constructive discharge."

To hold AutoZone liable for Mr. Washington's decision to resign, Mr. Washington must prove all of the following elements by a preponderance of the evidence:

First: AutoZone intentionally made Mr. Washington's working conditions so intolerable that a reasonable person would feel forced to resign. Mere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not necessarily so intolerable as to compel a reasonable person to resign.

Second: Mr. Washington's report of discrimination in 2000 was a motivating factor in AutoZone's conduct.

Third: Mr. Washington resigned from his position.[6]

With respect to the first element, a reasonable employee has an obligation not to assume the worst and not to jump to conclusions too quickly. An employee who resigns without giving his employer a reasonable chance to work out a problem has not been constructively discharged.[7]

---

[6] *Third DCA Model Jury Instructions*, 5.2.2 (2008); *Pennsylvania State Police v. Suders*, 542 U.S. 129, 124 S.Ct. 2342.

[7] *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1086-87 (3d Cir. 1992); *Brenneman v. Famous Dave's of America, Inc.*, 507 F.3d 1139, 1144 (8th Cir. 2007).

# JURY INSTRUCTION NO. 6

## The Jury Cannot Substitute Its Judgment for That of Management

You are not to be influenced by whether or not you believe AutoZone's decisions were correct or fair. An employer is entitled to make its own subjective judgments in conducting its business. You may not substitute your judgment for that of AutoZone even though you may have acted differently or arrived at a different decision. It is not your responsibility to decide whether or not AutoZone used correct methods, made correct business decisions, or even made fair decisions. An employment decision may be unfair yet not be evidence of retaliation under the law or an intent to create intolerable working conditions such that a reasonable employee would feel compelled to resign. You are simply to decide whether or not AutoZone's reasons for its actions were a cover-up for intentional retaliation.[8]

---

[8] *Third DCA Model Jury Instructions*, 5.1.2 (2008).

## JURY INSTRUCTION NO. 7

### Conclusions or Speculation Are Not Enough

A plaintiff's subjective belief of unlawful conduct, however genuine, cannot be the basis of a finding that unlawful conduct occurred. Personal beliefs, conjecture, and speculation do not justify an inference of unlawful retaliation or support a claim for constructive discharge. Mr. Washington must produce evidence, other than his own opinion, that would lead you to reasonably conclude that, more likely than not, he was retaliated against or constructively discharged, as I have defined those terms.[9]

---

[9] *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3rd Cir. 2001).

## JURY INSTRUCTION NO. 8

### Liability Versus Damages

The Court instructs you that there are two separate questions to be decided in this case regarding Mr. Washington's claims:

First, the question of whether Mr. Washington has proven his claim by a preponderance of the evidence.

Second, if AutoZone is liable to Mr. Washington, the question of the amount, if any, of Mr. Washington's damages caused by AutoZone's conduct.

These questions are separate and distinct, and in reaching your verdict, you must first consider the question of liability. Only if you find by the preponderance of the evidence that AutoZone is liable to Mr. Washington can you consider the question of damages. It is not proper for you to compromise your verdict between questions of liability and damages. Therefore, if you find that AutoZone is not liable to Mr. Washington, you must return a verdict in favor of AutoZone without regard to what that Mr. Washington's damages may be.[10]

---

[10] *Third DCA Model Jury Instructions*, 5.4.1 (2008).

# JURY INSTRUCTION NO. 9

## Effect of Instructions as to Damages

The fact that I will instruct you as to the proper measure of damages should not be considered as an indication of any view of the Court that either Mr. Washington is entitled to your verdict in this case or that he should be awarded damages. Instructions as to the measure of damages are given only for your guidance in the event you find in favor of a plaintiff on the question of liability from a preponderance of the evidence and in accordance with the Court's other instructions.[11]

The Court gives these instructions concerning damages so that the jury may be informed on all the law that may be applicable to this case. These instructions should not be understood by you as conveying that in the opinion of the Court any party to this action has or has not made out a case for damages.

---

[11] *Third DCA Model Jury Instructions*, 5.4.1 (2008).

## JURY INSTRUCTION NO. 10

### Damages (Generally)

Mr. Washington is not entitled to recover simply because AutoZone may have more resources than he. Furthermore, Mr. Washington is not entitled to damages simply because he filed a lawsuit or because he says he is entitled to recover. Instead, Mr. Washington must prove each element of his claim, by a preponderance of the evidence, and also that he suffered damages as a result of a proven violation.[12]

---

[12] *Third DCA Model Jury Instructions*, 5.4.1 (2008).

# JURY INSTRUCTION NO. 11

## Back Pay

If Mr. Washington proves he was constructively discharged, as I defined that term, he may be entitled to an award to compensate him for any wages and benefits that he lost as a result of his separation from AutoZone. This type of compensation is called "back pay." Back pay includes wages and fringe benefits you find Mr. Washington would have earned in his employment with AutoZone if he had not resigned on July of 2002, through the date of your verdict, minus the amount of earnings and benefits from other employment received by Mr. Washington during that time. You are not to consider any future potential wage loss.[13]

---

[13] *Third DCA Model Jury Instructions*, 5.4.1; 5.4.3 (2008).

# JURY INSTRUCTION NO. 12

## Mitigation of Damages

It is the duty of any person who has suffered damages as the result of allegedly unlawful conduct to use reasonable diligence and reasonable means to mitigate or lessen the damages he claims he suffered. This means that Mr. Washington has the duty to seek employment substantially equivalent to the job he held with AutoZone. To be substantially equivalent, such employment must afford virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status. If you find that Mr. Washington has not used reasonable diligence to obtain substantially equivalent employment from sources other than AutoZone, then you cannot award Mr. Washington back pay damages for that period of time.

Also, a plaintiff who attains substantially equivalent employment has a duty to make reasonable and good faith efforts to maintain his subsequent job. Therefore, if a plaintiff is terminated from a subsequent job, and you find that the plaintiff did not maintain reasonable and good faith efforts to keep that job, then you may cut off the plaintiff's damages for lost wages as of the date of his termination from the subsequent job. You may also cut off back pay damages when an employee voluntarily resigns from subsequent employment obtained after termination by the defendant.[14]

---

[14] *Third DCA Model Jury Instructions*, 5.4.3 (2008).

Respectfully Submitted,

*[signature: Tim M. Holly]*

Matthew F. Boyer (Del Bar No. 2564)
Timothy M. Holly (Del. Bar No. 4106)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 252-4217
Facsimile: (302) 658-0380
Email: mboyer@cblh.com
Email: tholly@cblh.com

Tracy F. Kern (LA Bar #20246)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8134
Facsimile: (504) 589-8134
E-mail: tkern@joneswalker.com

Laurie M. Chess (Fla. Bar #655751)
JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE,
L.L.P.
601 Brickell Key Drive, Suite 500
Miami, Florida 33131
Telephone: (305) 679-5728
Facsimile: (305) 679-5710
E-mail: lchess@joneswalker.com

*Counsel for Defendant, AutoZone, Inc.*

DATED: February 1, 2008