IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVERT WASHINGTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-320-SLR |
| | ) | |
| AUTOZONER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

At Wilmington this 6th day of February, 2008, having reviewed the pending motions in limine and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion in limine (D.I. 58) is granted in part and denied in part, as follows:

1. The motion is denied with respect to exhibits 6, 8, 11, 13-36 and 39. It cannot be disputed that the same evidence may support multiple claims for relief; the fact that some claims for relief have been dismissed does not diminish the relevance of the evidence vis-a-vis remaining claims. In the case at bar, although plaintiff is precluded from seeking relief on his failure to promote claim, I find that the above-identified exhibits are relevant as well to plaintiff's hostile work environment claim, for which plaintiff has the burden to prove that the alleged racial discrimination was intentional and severe or pervasive. Moreover, the events leading to the May 2002 charge of

discrimination, the conduct upon which the retaliation claim is based, constitute relevant background information. There is no undue prejudice.[1]

2. The motion is granted with respect to exhibits 48-52, 55-56, 58-59 and 61, as I routinely preclude the admission of documents related to administrative hearings.[2]

3. The motion is granted with respect to exhibits 72, 73, 74, 75 and 78, as they appear to be specifically related to the failure to promote claim and have no broader relevance.[3]

4. The remainder of the motion, as it relates to the expert testimony of Dr. Black, will be discussed at the pretrial conference. On the one hand, any argument based on Daubert is untimely and will be denied.[4] On the other hand, it is not clear to me whether Dr. Black's testimony will be helpful to the jury, based on the remaining claims to be tried.

IT IS FURTHER ORDERED that plaintiff's motion in limine (D.I. 60) is granted. The conviction at issue is not admissible evidence based on the following: (1) it was a conviction by court martial; (2) no term of imprisonment was imposed; (3) the elements

---

[1]I note that, in my opinion denying summary judgment, I relied on the very evidence that defendant is trying to preclude. Not surprisingly, then, I find no support for defendant's motion. Neither do I find that plaintiff is asserting a new claim of racial harassment; therefore, there is no issue relating to exhaustion of administrative remedies.

[2]These documents, of course, may be used to refresh recollection or for impeachment; however, such uses do not generally lead to admission of the document.

[3]The court may reconsider this holding as it relates to the wage information contained within these exhibits, consistent with the discussion identified in paragraph 4.

[4]In this regard, plaintiff's motion to strike (D.I. 66) is granted.

of the crime did not involve proof of an act of dishonesty; and (4) the conviction is 25 years old.

United States District Judge