IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVERT WASHINGTON, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 04-320-SLR ) |
| AUTOZONERS, INC., | ) ) |
| Defendant. | ) ) |

**O R D E R**

At Wilmington this 11th day of February, 2008, having conferred with counsel representing the parties to the above captioned case;

IT IS ORDERED that:

1. **Evidence relating to racial discrimination.** Although the voir dire and preliminary instructions shall be revised to take out the reference to racial discrimination, the court declines to change its evidentiary rulings on defendant's motion in limine, as the record demonstrates that plaintiff's claims based upon a hostile work environment and constructive discharge, as well as retaliation, are grounded upon the conduct that took place prior to May 2002 and, therefore, that such evidence is relevant.[1]

---

[1] The case at bar is distinguishable from Cuffee v. Dover Wipes Co., 334 F. Supp. 2d 565, 575 (D. Del. 2004), where plaintiff Cuffee never complained about discrimination. It is evident that, notwithstanding the fact that plaintiff did not check the box for "race" on the form complaint, the claims relate back to the discriminatory conduct that took place prior to May 2002. (D.I. 63, ex. E) The court declines to view this case in a vacuum.

2. **Damages.** Back pay is an equitable remedy, therefore, evidence relating to such will be heard by the court, not the jury. See Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 315 (3d Cir. 2006). Back pay should be the difference between actual wages and the wages the plaintiff would have earned absent discrimination. Durham Life Ins. Co. v. Evans, 166 F.3d 139, 156 (3d Cir. 1999) (citing to Gumby v. Pennsylvania Elec. Co., 840 F.2d 1108, 1119 (3d Cir. 1988)). Plaintiff complained in the administrative proceedings that he was kept from obtaining more hours, a full-time position, or a higher salary. (D.I. 63, ex. E) Dr. Black's report contains information related to such claims and, therefore, his testimony is relevant to the court's decision on back pay. Dr. Black's testimony is not relevant to the issue of compensatory damages and, therefore, his testimony will not be presented to the jury.

_____
United States District Judge