AO88  (DE Rev. 01/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

MELVERT WASHINGTON, JR.

V.

AUTOZONERS, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-320 (SLR)

TO:  RECORDS CUSTODIAN
AUTOZONERS, INC.
C/O TIM HOLLY, ESQUIRE
Connolly Bove Lodge and Hutz, LLP 1007 North Orange Str.

☑  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court for the District of Delaware<br>844 King Street<br>Wilmington, DE 19801 | 6B |
| | DATE AND TIME<br>2/19/2008 1:00 pm |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A ATTACHED HERETO

| PLACE | DATE AND TIME |
|---|---|
| United States District Court for the District of Delaware<br>844 King Street, Wilmington, DE | 2/19/2008 9:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 2/12/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph J. Farnan, III, Esquire
Phillips, Goldman & Spence, P.A., 1200 N. Broom Street, Wilmington, DE 19806   (302) 655-4200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/12/08 | C/O TIM HOLLY, ESQ.  1007 N. ORANGE ST.  WILM. DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| AUTOZONERS, INC | ACCEPTED BY   TIM PADCYIAK |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BARRY EVELAND | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     2/12/08
            DATE

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE  19899-1360**
**302-475-2600**

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsrof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the partyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

EXHIBIT A

| NO | DATE | DESCRIPTIONS |
|----|------|--------------|
| P-1 | Jan 98 | AutoZone employee handbook |
| P-2 | (undated) | AutoZone Job Description Salesperson |
| P-3 | (undated) | AutoZone Job Description Part Sales Manager |
| P-4 | 31 Aug 99 | Autozoner Employment Data Melvert Washington, Jr. |
| P-5 | 25 Jan02 | Acknowledgment of Diversity Mission signed by Melvert Washington, Jr. |
| P-6 | Undated | Washington memo to Smith DUR IC:Fair Treatment & Harassment & 3/11/00 Performance Appraisal |
| P-7 | 31 Aug 99 | Employee Set Up and ESOP option Melvert Washington, Jr. |
| P-8 | 26 Jan00 | Statement by Melvert Washington, Jr (nd.) Relating to racial incident |
| P-9 | 2 Feb 00 | Corrective Action Review to Melvert Washington, Jr. by Ralph Findle |
| P-10 | 11I Mar 00 | Performance   Appraisal Melvert Washington, Jr. by Ralph Findle |
| P-11 | (undated) | Memo relating to meeting with Dennis Carruth District Manager |
| P-12 | 2 Apr00 | Corrective Action Review Melvert Washington by Ralph Findle |
| P-13 | 5 May 00 | Statement of Chuck Tucker to AutoZoners concerning an April 2000 incident |
| P-15 | 1 Aug00 | Letter from John C. Mulford to Alison Smith, HR AutoZoners, Inc. relating to Washington discrimination charge |
| P-16 | 2 Aug00 | Letter from Timothy P. Harrison to John C. Mulford relating to Washington discrimination charge |
| P-17 | 4 Aug 00 | Statement of Ralph Findle, Jr. concerning incident involving Melvert Washington, Jr. |
| P-18 | 4 Aug00 | Statement of Dennis Carruth concerning complaint by Melvert Washington, Jr. |
| P-19 | 4 Aug00 | Statement of Thomas Shehorn concerning discussion between Melvert Washington, Jr. and Ralph Findle |
| P-20 | 9 Aug 00 | Statement of  Brandon Diaz concerning Ralph Findle |
| P-21 | 19 Aug00 | Statement of Franklin Wilson concerning Ralph Findle |
| P-22 | 8 Aug00 | Statement of Melvert Washington, Jr. concerning incident with Ralph Findle |
| P-23 | 30 Aug00 | Letter from Timothy P. Harrison to Melvert  Washington, Jr. |
| P-24 | 5 Sep00 | Memo from Melvert Washington, Jr. to Richard Robinson requesting full time employment |
| P-25 | 25 Sep 00 | Memo from Melvert Washington to Brian Padua no respecting working hours |
| P-26 | 29 Sep00 | Statement of Richard C. Henson concerning Melvert Washington, Jr |
| P-27 | 3 Oct 00 | Statement of Brian Padua no concerning Melvert Washington, Jr. |
| P-28 | 3 Oct 00 | Statement of Robert T. Baker concerning Melvert Washington, Jr. |
| P-29 | 3 Oct 00 | Statement of James Zambian concerning Melvert Washington, Jr. |
| P-30 | 4 Oct 00 | Statement of Shawn Parmelia concerning Melvert Washington, Jr. |
| P-31 | 4 Oct00 | Statement of Thomas W. Shehorn concerning Melvert Washington, Jr. |
| P-32 | 13 Oct 00 | Statement of Melvert Washington, Jr. concerning discussion of complaint |

vs. Ralph Findle

| | | |
|---|---|---|
| P-33 | 18 Oct 00 | Supplemental Statement of Shawn Parmelia concerning Melvert Washington, Jr. |
| P-34 | 11 Oct 00 | Memo from Sandra Sermon to Melvert Washington concerning incident with AutoZoner employees |
| P-35 | 12 Oct00 | Memo from Melvert Washington, Jr. to Awesome Seconder requesting transfer to a different AutoZone store |
| P-36 | 16 Oct 00 | Corrected version of memo of 12 Oct 2000 (Exhibit 32) |
| P-37 | 10 Jan01 | Acknowledgment of Diversity Mission signed by Melvert Washington, Jr. |
| P-38 | 8 Feb 01 | Corrective Action Review of Melvert Washington Jr. by Leon Bonum |
| P-39 | 26 Feb01 | Memo from Melvert Washington, Jr. to Aeon Kelston concerning incidents involving sick call and manager Leon Bynurn |
| P-40 | 25 Jan 02 | Realistic Job Preview signed by Melvert Washington, Jr. |
| P-41 | 20 Apr 01 | Salesperson performance review of Melvert Washington, Jr. by Leon Bynum |
| P-42 | 31 Aug01 | Corrective Action review of Melvert Washington, Jr. by Leon Bynum |
| P-43 | 6 Oct 01 | Corrective Action review of Melvert Washington, Jr. by Pilar Sanchez |
| P-44 | 25 Jan 02 | Work Schedule with request from Melvert Washington, Jr. to become a full-time employee |
| P-45 | 28 Jan 02 | Memo from Melvert Washington, Jr. to Leon Bynum concerning request for full time position |
| P-46 | 15 Feb02 | Letter from Melvert Washington, Jr. to Billy Britt concerning inability to work |
| P-47 | 14 May 02 | Corrective Action Review of Melvert Washington, Jr. by Leon Bynum |
| P-53 | 22 Jun02 | Corrective Action review of Melvert Washington, Jr by Leon Bynum |
| P-54 | 13 Aug 02 | Statement of Leon Bynum concerning Melvert Washington, Jr. |
| P-57 | 15 Jul 02 | Statement of Billy Britt concerning offer of full-time position to Melvert Washington Jr. |
| P-60 | 29 Jul 02 | Memo from Melvert Washington, Jr. to AutoZone declining full-time work |
| P-62 | 20 Apr 01 | Salesperson Performance Appraisal of Melvert Washington, Jr. by Leon Bynum |
| P-64 | (various) | Earnings records Melvert Washington, Jr. in 141 pages |
| P-65 | 30 Jun 02 | AutoZone report of benefits to Melvert Washington, Jr. |
| P-72 | (various) | Employment records Robert Baker in 24 pages |
| P-73 | (various) | Earnings records Robert Baker in 9 pages |
| P-74 | (various) | Employment Records Deanna Brown in 30 pages |
| P-75 | (various) | Employment Records Shane Treesh in 15 pages |
| P-76 | (various) | Earnings Records David Sobotkin in 7 pages |
| P-77 | (various) | Earnings of James Zambrano in 6 pages |
| P-78 | (various) | Earnings of Shane Treesh in 10 pages |
| P-79 | (various) | Earnings of Thomas Shehorn in 14 pages |

| P-80 | (various) | Earnings of Pilar Sanchez in 10 pages |
|------|-----------|----------------------------------------|
| P-81 | 30 Dec 00 | Corrective Action Review David Sobotkin |
| P-82 | 6 Nov 00 | Corrective Action Review David Sobotkin |
| P-83 | 8 Nov 00 | Corrective Action review David Sobotkin |
| P-84 | 24 Sep 01 | Corrective Action Review David Sobotkin |
| P-85 | 27 Mar 00 | Store Employment Allocation Brandon Diaz |
| P-86 | 21 Aug00 | Corrective Action Review Rob Baker |
| P-87 | 19 Apr01 | Corrective Action Review Rob Baker |
| P-88 | 28 Jul 02 | Corrective Action Review Rob Baker |
| P-89 | 8 Aug02 | Corrective Action Review Rob Baker |
| P-90 | 20 Sep 01 | Corrective Action Review Deanna Brown |
| P-91 | 21 Jan02 | Corrective Action Review Deanna Brown |
| | Various | Autozone's complete investigative file for Melvert Washington's first (August 2000) complaint of Discrimination |
| | Various | AutoZone's complete investigative file for second investigation (October 2000) conducted by Ronald Wertz |
| | Various | All documents produced in response to Plaintiff's First Request for Production of Documents |
| | Various | All documents produced in response to Plaintiff's Second Request for Production of Documents |