IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MELVERT WASHINGTON, JR.,            )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    Civ. No. 04-320-SLR
                                    )
AUTOZONERS, INC.,                   )
                                    )
        Defendant.                  )

**JURY INSTRUCTIONS**

Dated:
February 25, 2008

## GENERAL INSTRUCTIONS

### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. Last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide which party should prevail on the issues presented. I will instruct you about the burden of proof shortly. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## BURDEN OF PROOF

This is a civil case in which plaintiff Melvert Washington, Jr. ("plaintiff") claims he was retaliated against and subjected to a hostile work environment by defendant Autozoners, Inc. ("defendant"), in violation of Title VII of the Civil Rights Act of 1964. Plaintiff has the burden of proving his claims by a preponderance of the evidence.

To establish something by a preponderance of the evidence means to prove that something is more likely true than not. To find that a party has proven something by a preponderance of the evidence, you must conclude that the evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of a scale, the evidence supporting plaintiff's claims would have to make the scales tip somewhat on his side. If plaintiff fails to meet his burden, your verdict must be for defendant.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any facts in issue have been proven by plaintiff, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence regardless of who may have produced them.

Defendant denies that plaintiff was retaliated against or subjected to a hostile work environment. Defendant has no burden to disprove plaintiff's claims; it is plaintiff

3

who has the burden of proof in this case.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath (including deposition testimony that has been played or read to you), the exhibits that I allowed into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments or questions are evidence. The notes taken by any juror are not evidence.

Certain charts and graphics may have been used to illustrate testimony from witnesses. Unless I have specifically admitted them into evidence, these charts and graphics are not themselves evidence even if they refer to, identify, or summarize evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weights that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## USE OF NOTES

You may use notes taken during the trial to assist your memory. Remember that your notes are for your personal use. They may not be given or read to anyone else. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. Your notes are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial. Some testimony that is considered unimportant at the time presented and, thus, not written down, may take on greater importance later on in the trial in light of all the evidence presented. Your notes are valuable only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence that tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, in determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different, or inconsistent, from the testimony that he or she gave during the trial. It is the province of the jury to determine whether a false statement or a prior inconsistent statement discredits the witness's testimony.

You should remember that a simple mistake by a witness does not mean that the witness was not telling the truth. People may tend to forget some things or remember

10

other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you through depositions that were read into evidence or played on videotape. This testimony is entitled to the same consideration you would give it had the witness personally appeared in court. Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

13

## ALL PERSONS AND ORGANIZATIONS ARE EQUAL BEFORE THE LAW

In your deliberations, you must not consider the fact that plaintiff is an individual while defendant is a corporation. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice. This means you should not favor plaintiff over defendant. The status of plaintiff and defendant as individuals or corporations should not affect your decisions in any way.

14

## RETALIATION

Plaintiff claims that defendant retaliated against him because he complained of racial discrimination in 2000. To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

**First:** Plaintiff complained of racial discrimination.

**Second:** Plaintiff was subjected to an adverse action at the time, or after, the protected conduct took place.

**Third:** There was a causal connection between the materially adverse action and plaintiff's complaint of racial discrimination.

Concerning the first element, plaintiff need not prove the merits of his complaint of discrimination, only that he was acting under a good faith belief that his right to be free from discrimination was violated.

Concerning the second element, the term "materially adverse" means that plaintiff must show that his complaint of racial discrimination was serious enough that it well might have discouraged a reasonable worker from making such a complaint.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is action followed shortly after defendant became aware of plaintiff's complaint. Causation, however, is not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward plaintiff or a change in demeanor toward plaintiff.

Defendant has given nondiscriminatory reasons for its conduct. If you disbelieve

15

defendant's explanations for its conduct, then you may, but need not, find that plaintiff has proved retaliation. In determining whether defendant's stated reasons for its conduct was a pretext, or excuse, for retaliation, you may not question defendant's business judgment. You cannot find retaliation simply because you disagree with the business judgment of defendant or believe it is harsh or unreasonable. You are not to consider defendant's wisdom. However, you may consider whether defendant's reasons are merely a cover-up for retaliation.

Ultimately, you must decide whether plaintiff's complaint of racial discrimination had a determinative effect on his opportunities for full-time work and promotions. "Determinative effect" means that, if not for plaintiff's complaint, he would have had the same opportunities as his co-workers.

16

## HOSTILE WORK ENVIRONMENT

Plaintiff claims that he was subjected to a hostile work environment created by certain of defendant's employees. Defendant is liable for the actions of its employees if plaintiff proves all of the following elements by a preponderance of the evidence:

**First**, plaintiff must prove that he was subjected to employment conditions to which other employees were not, such as racial comments and denial of employment opportunities.

**Second**, the conduct underlying the employment conditions was not welcomed by plaintiff.

**Third**, the imposition of such employment conditions was motivated by the fact that plaintiff had complained about racial discrimination.

**Fourth**, the employment conditions were so severe or pervasive that a reasonable person in plaintiff's position would find his work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable person who complained of racial discrimination.

**Fifth**, plaintiff himself believed his work environment to be hostile or abusive as a result of the employment conditions.

**Sixth**, plaintiff suffered an adverse "tangible employment action" as a result of the hostile work environment; a tangible employment action is defined as a significant change in employment status, such as a hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.

17

**Seventh**, management level employees of defendant knew, or should have known, of the employment conditions. Management level employees should have known of the conditions if (1) an employee provided management level personnel with enough information to raise a probability of retaliatory harassment in the mind of a reasonable employer, or if (2) the retaliatory harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

In determining whether a work environment is "hostile," you must look at all of the circumstances which may include:

• The total physical environment of plaintiff's work area.

• The degree and type of language and insult that filled the environment before and after plaintiff arrived.

• The reasonable expectations of plaintiff upon entering the environment.

• The frequency of the offensive conduct.

• The severity of the conduct.

• The effect of the work environment on plaintiff's mental and emotional well-being.

• Whether the conduct was unwelcome, that is, conduct plaintiff regarded as unwanted or unpleasant.

• Whether the conduct was pervasive.

• Whether the conduct was directed toward plaintiff.

• Whether the conduct was physically threatening or humiliating.

• Whether the conduct was merely a tasteless remark.

• Whether the conduct unreasonably interfered with plaintiff's work performance.

18

Conduct that amounts only to ordinary socializing in the work place, such as occasional horseplay, occasional abusive language, tasteless jokes, and occasional teasing does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that plaintiff was harassed because of his filing a complaint about racial discrimination. The key question is whether plaintiff, as an individual who filed a complaint about racial discrimination, was subjected to harsh employment conditions to which other employees were not.

19

## NOMINAL DAMAGES

If you have determined that plaintiff has proven, by a preponderance of the
evidence, either his retaliation claim or his hostile work environment claim or both
claims, then you must award nominal damages of $1.00.

A person whose federal rights have been violated is entitled to recognition of that
violation, even if he suffered no actual injury. Nominal damages (of $1.00) are
designed to acknowledge the deprivation of a federal right, even where no actual injury
occurred.

## DELIBERATION AND VERDICT

## INTRODUCTION

Let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper and put the note in one of the envelopes provided; then give the envelope to the jury officer. The officer will give the envelope to me, and I will respond to your note as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be written and signed by your foreperson, who by custom of this Court is the juror seated in the first seat, first row.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-3, or 5-2, or whatever your vote happens to be. That should stay secret until you are finished.

## UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  The verdict form asks you a series of questions about plaintiff's claims.  Unless you are directed otherwise in the form of the verdict, you must answer all of the questions posed, and you all must agree on each answer.  When you have reached a unanimous agreement as to your verdict, you will return your verdict to the courtroom deputy.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

22

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say.

Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

We generally end our business day at 4:30 p.m. If we do not hear from you by 4:30, I will be sending you a note to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations on the next business day. You will need to respond in writing

23

to that question.

I am going to remind you now, if you go home this evening and resume your deliberations on the next business day, you are not to talk about the case among yourselves or with anyone else during the evening recess. You may talk about the case only while you are in the jury room and everyone on the jury is present. Unless I hear from you that you have a different schedule in mind, I will expect you all to come back the next business day at 9:30. You are not to start deliberating until you are all present in the jury room and participating together.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer right away because we are all going to be stepping away from our phones at that time.

24

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way.

You must decide the case yourselves based on the evidence presented.